ANNIE L. CRAWFORD AND CHARLES X. CRAWFORD, PLAINTIFFS-APPELLANTS, v. WILLIAM D. WINTERBOTTOM AND WILFORD B. VAN HOUTEN, DEFENDANTS-RESPONDENTS.

Argued November 5, 1915—Decided February 3, 1916.

1. A motion to strike out the plaintiffs' complaint admits the truth of the plaintiffs' allegations and any inferences of fact which can be legitimately drawn therefrom.
2. The doctrine of equitable estoppel has been adopted and applied to courts of law.
3. The defendants may be estopped from setting up the statute of limitations to a suit on a bond for a deficiency after foreclosure.

On appeal from the Essex County Circuit Court.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellants, *Michael J. Tansey.*

For the respondents, *John W. McGeehan, Jr.*

The opinion of the court was delivered by

BLACK, J.     This is an appeal from the judgment of the Essex Circuit Court, striking out the plaintiffs' complaint and entering judgment in favor of the defendants.

The ground on which the court rested its action was, that the facts set up in the plaintiffs' complaint, if true, were not sufficient in law to constitute a waiver, by the defendants, of their right to plead the statute of limitations, to the plaintiffs' complaint, or such as to operate as an estoppel against them.     The complaint alleges the suit was to recover a deficiency on a bond, after foreclosure and sale of mortgaged premises.     The facts pertinent to this inquiry are contained in the sixth paragraph of the plaintiffs' amended complaint, in which it is alleged that the plaintiffs did not begin suit as required by law, within six months after the sheriff's sale,

because defendants, when notified that suit would be commenced against them on their bond, for the amount of their deficiency, started negotiations to settle the claim, and thus prevented suit; that the offer of the defendants was accepted and the plaintiffs were thereby induced to believe that the defendants would pay and satisfy the deficiency according to the offer. These negotiations continued from December, 1914, to March, 1915, inclusive. The plaintiffs were induced to refrain from beginning suit within the time required by the statute and from filing notice of intention to begin such suit in accordance with statutory requirements, in the belief that the defendants were making every effort to carry out such offer and proposal. The said defendants acted falsely and fraudulently and with a corrupt intent of misleading the said plaintiffs to defer their suit, until the statutory time had expired; that the plaintiffs were in fact misled by the false and fraudulent conduct of the defendants. Then there is a further allegation of fact, stating a method by which the deficiency was to be ultimately paid.

The question for solution, then, is, admitting the truth of the plaintiffs' allegations, and every inference of fact which can be legitimately drawn therefrom, in law, are the plaintiffs precluded from maintaining their action, or have the defendants waived or been estopped from their right to plead the statute of limitations to such action?

A waiver is an intentional abandonment or relinquishment of a known right. The intention may be shown by conduct as well as by express words. Mere silence at a time when there was no requirement to speak is not a waiver, nor evidence from which a waiver may be inferred. *Armstrong* v. *Insurance Company,* 130 *N. Y.* 560. Waiver belongs to the family of estoppel, and often they are convertible terms. *Maloney* v. *Northwestern Masonic Aid Association,* 40 *N. Y. Supp.* 918, 921; 8 *App. Div.* 575. In strictness, however, the term "waiver" is used to designate the act, or consequences of the act, of one side only, while the term "estoppel" (*in pais*) is applicable, where the conduct of one side has induced the other to take such a position that he will be in-

jured if the first be permitted to repudiate his acts. *McCormick* v. *Orient Insurance Co.,* 86 *Cal.* 260; 24 *Pac. Rep.* 1003.

The requisites of an estoppel are pointed out in the case of *Richman* v. *Baldwin,* 21 *N. J. L.* 403, and it is there said that the doctrine of equitable estoppel has been adopted and applied to courts of law in relation to personal property, in which cases no technical formalities intervene to prevent its application. So, in *Phillipsburg Bank* v. *Fulmer,* 31 *Id.* 55, to constitute an estoppel *in pais* there must be an admission intended to influence, or of such a nature as will naturally influence the conduct of another, and so change his condition, as materially to injure him, if the party making it is allowed to retract it. For other illustrative cases in our common law courts, see *Quick* v. *Corlies,* 39 *Id.* 11; *Freeholders of Somerset* v. *Veghte,* 44 *Id.* 509.

We think the ruling of the trial court in striking out the plaintiffs' complaint and entering judgment for the defendants was error. The allegations made in the complaint, if proved to be true, would make a jury question, and it would then be for the jury at the trial, under proper instructions by the court, to determine whether there was a waiver by, or an estoppel of, the defendants.

The judgment of the Essex County Circuit Court is therefore reversed.