HERCULES POWDER COMPANY, PROSECUTOR, v. THE MORRIS COUNTY COURT OF COMMON PLEAS ET AL., RESPONDENTS.

Submitted March 20, 1919—Decided June 24, 1919.

As a result of an explosion, arising out of and in the course of his employment, an injured workman lost one of his testicles.— *Held,* that such a loss is equivalent to a permanent bodily impairment involving the payment of compensation therefor under the Workmen's Compensation act; and *held, also,* under said act the criterion of "disability" is not limited to loss of earning power, but may extend to a physical impairment of a bodily organ.

On *certiorari* removing an award under the provisions of the Workmen's Compensation act.

Before Justices PARKER and MINTURN.

For the prosecutor, *King & Vogt.*

For the respondents, *Wayne Dumont.*

The opinion of the court was delivered by

MINTURN, J.   No question as to the *quantum* of the award is made in this case, if the fundamental inquiry be affirmatively conceded, that the nature of the loss resulted in a permanent injury within the contemplation of the statute. *Pamph. L.* 1913, *p.* 304; *Comp. Stat., 1st Supp., p.* 1644. As the result of an explosion, while employed in the defendant's service, and arising out of his employment, the injured defendant lost one of his testicles.   The inquiry presented is whether such a loss is equivalent to a permanent bodily impairment.

The statute, section 11, concedes the awarded compensation (1) "where the usefulness of the member is permanently impaired" and (2) "where any physical function is permanently impaired."   The language of a statute designed, as was this, must be of necessity in many respects generic in verbiage, and, in this instance, while previously having specified particular incidents of disability, partial and total, in character, as a basis for compensation, it provides that "in all other cases in this class," as above indicated, the award shall be made upon the basis of a permanent partial impairment.

It must be manifest that whatever its character as to the individual impairment, the loss in this instance is permanent. But it is contended that conceding the permanency of the loss, the functional impairment does not follow and medical testimony is invoked to support the argument.

The lower court found that as a result of the injury the defendant's morale, courage and marital efficiency were lessened.   Whatever view medical experts may entertain upon that phase of the case, the indisputable fact remains that the injured defendant has suffered the loss of a portion of his

anatomy, which nature implanted in the human organism, as a dual reservoir of complete efficiency, equally with eyes, ears and limbs, and that to deprive him of one of these natural attributes is to take from him a component portion of the perfect genus homo, and to that extent, at least, impair the physical attributes of his manhood. This impairment may not prove to be so conspicuous in the ability to produce wages, in the industrial world, but there are other spheres for the employment of human energy, talents and the possession of physical attributes beside the industrial world into the activity of which the defendant is entitled to bring, possess and enjoy all the physical attributes with which nature endowed him.

In harmony with these considerations, it has been held that the criterion of a disability, partial in character and permanent in quality, under the statute, is not limited to the loss of earning power. *DeZeng Company* v. *Pressey,* 86 *N. J. L.* 469; *affirmed,* 88 *Id.* 382; *Burbage* v. *Lee,* 87 *Id.* 36.

In the recent selective draft, for military service, no little attention was paid to physical imperfections, which might be deemed to lessen human stamina and individual staying power. Nor can it be denied that in any competition or contest, based upon considerations of the physically perfect specimens of the race, the defendant would be at a disadvantage.

Certain it is that in a state of human excellence man has been in English literature termed "the paragon of animals," and one cannot doubt that in our social environment, permeated by the atmosphere of the classics or the renaissance, the defendant would be debarred as a figure for the discriminating chisel of a Phidias, the heroic pen of a Horace, or the exacting brush of a Michael Angelo. Tested by the definition Webster gives to the word, the defendant has suffered an impairment which is equivalent "to diminish in quality, excellence or strength." Its Latin root indicates "a making worse, a lessening;" while the Italian derivation "imparare" indicates "a loss or diminution."

Whether, therefore, we consider the physical status of the injured defendant as lessened by the loss of a physical attribute, which serves to constitute the perfect genus homo; or as possessed of a dual entity which in natural and moral law he had a right to retain, as a reserve factor in the cosmic dispensation, the loss he sustained was a permanent impairment of his physical entity, under the provisions of our statute, and was properly compensated for as such by the award of the Common Pleas.

The award will be affirmed, with costs.