ADAM SUTKOWSKI, RESPONDENT, v. MUTUAL CHEMICAL COMPANY OF AMERICA, PROSECUTOR.

Submitted October 12, 1934—Decided April 4, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *Charles E. Hendrickson*.

For the respondent, *John J. Meehan*.

The opinion of the court was delivered by

HEHER, J. The Hudson Common Pleas affirmed a judgment of the compensation bureau, awarding to Sutkowski compensation under the Workmen's Compensation act. *Pamph. L.* 1911, *p.* 134, as amended. The employer seeks a review by *certiorari*. The injury sustained was a perforation of the nasal septum; and the decisive question is whether that is a compensable injury under the statute.

The essential facts are not in dispute. The employe concededly suffered, as the result of the use of chrome in the performance of the duties of his employment, a perforation of the septum, "about the size of a half-dollar." This is a permanent condition, but the immediate consequences are not serious. There has been no disablement—no interruption in the service given by the employe; and his earnings have been in nowise affected.

The employer seems to concede that this condition is the result of a compensable occupational disease, within the intendment of chapter 124 of the laws of 1924 (*Pamph. L.* 1924, p. 231), as amended by chapter 31 of the laws of 1926 (*Pamph. L.* 1926, *p.* 62), and chapter 33 of the laws of 1931 (*Pamph. L.* 1931, *p.* 76; *N. J. Stat. Serv.* 1931, **236-27); but the insistence is that "there can be no compensation due until the employe has been 'disabled seven days,'" the "waiting period" prescribed by paragraph 13 of section II of the statute. *Pamph. L.* 1911, *pp.* 134, 140, as amended by chapter 49 of the laws of 1923 (*Pamph. L.* 1923, *pp.* 101, 108), and chapter 163 of the laws of 1925 (*Pamph. L.* 1925, *p.* 405). It is said that, while the employe sustained a permanent injury, it "is neither incapacitating nor disabling," as defined in this section of the act, and therefore not compensable.

It is an injury that indisputably produced disability within the intendment of the Compensation act. The award was

made on the basis of five per cent. of permanent total disability; and it is amply supported by the proofs. The injury is not an uncommon one among those who are daily exposed to chrome. It is a perforation of the cartilage, covered by mucous membrane, separating the nostrils of the nose. It unquestionably resulted in a functional loss, permanent in quality. There was medical testimony, which we deem to be entirely credible, that branches of the olfactory nerve distributed through the septum were thereby destroyed or permanently impaired, resulting in a diminution of the sense of smell.

This is a compensable disability, even though Sutkowski's capacity to render the service at which he was engaged was not thereby impaired, or his earning power diminished. The test is not impairment of earning capacity; it is rather the "loss of physical function which detracts from the former efficiency of the body or its members in the ordinary pursuits of life." *Burbage* v. *Lee,* 87 *N. J. L.* 36; *DeZeng Standard Co.* v. *Pressy,* 86 *Id.* 469; *affirmed, sub nom. Pressy* v. *DeZeng Standard Co.,* 88 *Id.* 382; *Hercules Powder Co.* v. *Morris County Court of Common Pleas,* 93 *Id.* 93; 107 *Atl. Rep.* 433.

Paragraph 13 of section II of the act, *supra,* providing that "no compensation * * * shall accrue and be payable until the employe has been disabled seven days," is not applicable. This provision is clearly limited to temporary disability. Paragraph 14 (a) of section II of the act [as amended by chapter 49 of the laws of 1923 (*Pamph. L.* 1923, *pp.* 101, 108)], provides that "compensation for all classes of injuries shall run *consecutively,* and not concurrently, * * * as follows: First, medical and hospital services and medicines * * *. After the waiting period, compensation during *temporary disability;* if total period of disability extends beyond seven weeks, compensation to cover waiting period. Following both, *either or none of the above,* compensation consecutively for each permanent injury." These paragraphs must be read together. So considered, it is evident that the legislative purpose was to

classify as noncompensable (except as to medical aid) temporary disability during the statutory "waiting period," unless it extends beyond seven weeks. The "disability" contemplated by paragraph 13 is an inability to render the service for which the workman was engaged. Such disability, during the "waiting period," is not made a *sine qua non* of the right to compensation for permanent injury. The statute was therefore correctly interpreted in the tribunals below.

Application denied, with costs.