New Jersey Department of Labor,
Workmen's Compensation Bureau.

ISRAEL FEINSOD, PETITIONER, v. L. & F. CONSTRUCTION COMPANY, A NEW JERSEY CORPORATION, RESPOND-ENT.

Decided May 31, 1938.

For the petitioner, *Louis L. Feinseth* and *Julius Stein.*

For the respondent, *George E. Meredith.*

FACTUAL DETERMINATION

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

I find and determine, from the facts as stipulated and admitted and as disclosed by the testimony, as follows:

1. Petitioner was on January 13th, 1936, regularly

employed by the respondent, and while so employed, petitioner did on said date sustain severe injuries as a result of an accident arising out of and in the course of his employment. On said date and while in the course of his duties as an employe of respondent, petitioner was riding in an elevator on premises known as 106 Market street, Newark, New Jersey, which elevator dropped four stories. As a result thereof, petitioner sustained severe and permanent injuries which are substantially as follows: fracture of the twelfth dorsal vertebra and right and left oscalsis, osteomyelitis of right oscalsis, injuries to the skull, pelvis, compressed fracture of the second lumbar vertebra, severe cerebral shock, lacerations of the scalp, and other injuries to back, head and body.

2. Respondent had knowledge of said accident and due notice was given in accordance with the provisions of the Workmen's Compensation act relative thereto.

3. The compensation rate of the petitioner is $20 per week.

4. In addition to his cause of action under the Workmen's Compensation act herein, petitioner was vested with a common law right of action against certain third parties, whose negligence was the proximate cause of the accident aforementioned. Petitioner retained Louis L. Feinseth, a member of the bar of New Jersey, to investigate, institute and prosecute a common law action against the said third parties. For the services to be rendered under said retainer, petitioner agreed to pay said attorney a sum equal to one-third of the amount of settlement paid by said third parties or a sum equal to one-third of the amount of any recovery against the third parties plus $200 to cover costs and expenses of the investigation and prosecution of said common law action.

5. Said fees and expenses agreed to be paid by petitioner to said attorney are reasonable fees and charges and are not in excess of the statute hereinafter referred to.

6. In March, 1936, said Louis L. Feinseth, as attorney of record, commenced an action in the Essex County Circuit Court of the State of New Jersey on behalf of said petitioner against said third parties.

7. On or about May 27th, 1937, the third party *tort feasors* settled said common law action for $12,000. By reason of said settlement petitioner became obligated to pay said Louis L. Feinseth, attorney, the sum of $4,200, being $4,000 for his fee and $200 for his expenses, in accordance with the agreement aforementioned.

8. Thereupon, the said third parties and their insurance carriers delivered to petitioner a series of checks totalling $12,000, in exchange for releases executed by petitioner. One of these checks was in the sum of $1,370 and was executed by Maryland Casualty Company, the insurance carrier of one of the third party *tort feasors*, to the order of petitioner herein; Louis L. Feinseth, the attorney aforementioned, and the New Jersey Manufacturers Casualty Insurance Company, the insurance carrier of respondent. This check was so executed for the reasons hereinafter shown. Petitioner received the balance of $10,630. Out of this sum of $10,630, petitioner paid to Louis L. Feinseth, attorney, the sum $3,500 being approximately one-third of the said sum of $10,630. There remained therefore, a balance still due to said attorney under the retainer aforementioned, of $500 for his fees and $200 for his expenses, which the petitioner is under a legal duty to pay. In addition thereto, petitioner also paid out of said sum of $10,630 substantially all of the medical, hospital, nursing and other expenses hereinafter more particularly referred to and all made necessary by reason of the injuries suffered by petitioner.

9. From the date of the accident and for a period of sixty-eight weeks thereafter and until approximately the time of the settlement with the third parties, the New Jersey Manufacturers Casualty Insurance Company paid to petitioner on account of his temporary disability, the sum of $20 for each week or a total of $1,360. In addition thereto, said New Jersey Manufacturers Casualty Insurance Company paid a $10 hospital bill. These payments so made therefor amounted to $1,370. Said New Jersey Manufacturers Casualty Insurance Company served notice of the making of said payments

upon the third party *tort feasors* and Maryland Casualty Company, the insurance carriers of one of the third parties, claiming reimbursement therefor. Apparently, the said Maryland Casualty Company made and delivered a check for $1,370, payable in the manner aforementioned in order not to become involved in a dispute between the petitioner, petitioner's attorney and the respondent herein, or its insurance carriers, with reference to the rights in said check and the sum of $1,370 represented thereby.

10. Petitioner suffered temporary disability for a period of ninety-three weeks following his accident, which covers the period from January 13th, 1936, to October 25th, 1937. Petitioner is therefore entitled to be paid by respondent the sum of $1,860 for temporary disability at the rate of $20 a week.

11. Petitioner incurred medical expenses, hospital charges, nursing charges and other necessary charges, all totaling $2,919.72. I find these charges to be necessary and reasonable for the services rendered to petitioner. The said charges were properly chargeable to respondent and payable by said respondent.

\*    \*    \*    \*    \*    \*    \*

12. Of said sum of $2,919 incurred for expenses, the petitioner did actually pay, out of the moneys received from the third parties, $2,719.72, being the total of all of the bills aforementioned, with the exception of the charges of $200 due to Dr. J. Irving Fort, which the petitioner is still obligated to pay.

13. There is a dispute between the parties as to the extent of the permanent disability suffered by the petitioner. Petitioner produced as his expert witnesses, Dr. J. Irvig Fort, Dr. J. Wallace Hurff and Dr. Leopold Szerlip. The petitioner himself testified as to his physical and mental condition. Respondent produced Dr. Roy Griffith, Dr. Jack Blumberg and Dr. Ruoff. The estimate of the total permanent disability of the petitioner as testified to by his medical experts, range as high as one hundred per cent. of total permanency,

and there is evidence that the petitioner is unfit to engage in any physical activities except to attend to his daily personal and bodily needs. The respondent has admitted that the petitioner is suffering from a total permanent disability of seventy-five per cent. After thoroughly considering all the testimony submitted, I find and determine that the petitioner suffers from a permanent disability equivalent to eighty per cent. of total and permanent disability. In arriving upon this conclusion, I have given considerable credence to the respondent's contention that the petitioner's functional disability is not completely impaired in that to some extent he still possesses some ability to perform a few normal functions, having in mind the test to be applied is his physical loss and not industrial incapacity. *Sulkowski* v. *Mutual Chemical Company of America*, 178 *Atl. Rep.* 71; *Burbage* v. *Lee*, 87 *N. J. L.* 36; 93 *Atl. Rep.* 859; *Hercules Powder Co.* v. *Morris County Court of Common Pleas*, 93 *N. J. L.* 93; 107 *Atl. Rep.* 433. .

### LEGAL DETERMINATION

1. I have considered the questions with reference to the extent respondent is entitled to be released from its liability aforementioned by reason of moneys paid to petitioner in settlement of the third party action. I have also considered the question with reference to the right of reimbursement for the payments heretofore made by New Jersey Manufacturers Casualty Insurance Company on behalf of respondent in the said sum of $1,370.

2. The petitioner contends that respondent is entitled to a credit only of $7,800 on account of its liability hereunder, claiming that the respondent is released of its liability hereunder only to the extent of petitioner's net recovery from the third parties, being $12,000 less $4,200 for expenses of suit and attorney's fees hereinabove referred to. Respondent claims a credit of $12,000 being the entire sum paid by the third parties.

3. From my consideration of the matter, I hold and determine that the rights of the parties hereto are controlled by chapter 162 of the laws of 1936 (*Rev. Stat.* 34:15-40), and not by chapter 279 of the laws of 1931. This is so even though chapter 162 of the laws of 1936 did not become law until June 22d, 1936, which is approximately five months after the date of the accident.

4. Chapter 162 of the laws of 1936 releases respondent or its insurance carrier from liability only to the extent of the recovery of the third parties after expenses of suit, not in excess of $200, and attorney's fees, not in excess of thirty-three and one-third per cent., have been deducted therefrom. Chapter 162 of the laws of 1936 does not change the substantive rights of the parties hereto and impairs no obligation of contract. It does not violate any federal or state constitutional provisions. The contractural obligation of the employer has always been to pay full compensation to the employe in accordance with the act. Chapter 162 of the laws of 1936 does not enlarge this liability. It merely regulates to the end that the employe will receive full compensation for his injuries in accordance with the statute. If chapter 162 of *Pamph. L.* 1936 effects a change in the law, the change effected is merely a procedural or remedial change and, therefore, violates no constitutional rights of the respondent.

5. It is not material that the accident herein occurred prior to the passage of chapter 162 of the laws of 1936. It seems to me that either the date of the payment by the third parties, which is May 27th, 1937, or the date of the entry of the award in this court, is controlling. No rights accrued to respondent or its insurance carrier until actual payment by the third parties. In a very analogous situation in *McLaughlin* v. *Hahne & Co.,* 12 *N. J. Mis. R.* 6; 169 *Atl. Rep.* 542; *affirmed,* 130 *N. J. L.* 32; 172 *Atl. Rep.* 566, it was held that the date of the occurrence of the accident is not determinative of the rights of the parties, but that the rights of the parties are determined as of the date of the award. This was again approved by the Court of Errors and Appeals in

*J. W. Ferguson Co.* v. *Seaman,* 119 *N. J. L.* 575; 197 *Atl. Rep.* 245.

6. The right of reimbursement sought by the respondent in my opinion, is an action *in rem.* The right of the respondent is against the moneys collected by the petitioner in the third party action hereinbefore referred to. The *res* was not created until subsequent to the adoption of chapter 162, laws of 1936, in that the settlement was not made until sometime subsequent thereto. It is my opinion that the law in effect at the time of .the creation of the *res* is applicable.

7. For the reasons above stated, I find and determine that by reason of the third party settlement, the respondent is entitled to credit of $7,800 on account of its liability hereunder and to nothing more.

8. Petitioner concedes that respondent is entitled to an additional credit on account of its total liability hereunder to the extent of 1,370 heretofore paid out by respondent insurance carrier, but contends further that the respondent has no right of reimbursement. Respondent claims that it is entitled to reimbursement to the extent of $1,370. I cannot agree with this contention of respondent.

9. In the instant case, the recovery herein, under the Workmen's Compensation act, exceeds the amount recovered from the third parties, less costs and attorney's fees. Under such circumstances, the rights of the parties are governed by section 23 (f)-3, as amended by chapter 162 of the laws of 1936. *Rev. Stat.* 34:15-40 (c). This section holds that the employer is liable only for the difference between the amount of the employer's or insurance carriers' liability under the statute and the sum recovered by the employe from the third parties less attorney's fees and costs. This section further provides that the employer or his insurance carrier "shall be entitled to be reimbursed as hereinafter provided for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employe or his dependents as exceeds the amount of such difference." Clearly in the instant case the "difference" referred to in this section exceeds by

far the sum of $1,370 for which reimbursement is claimed. Under this section there is no right of reimbursement unless the payments made, for which reimbursement is claimed, exceed the amount of the difference. I hold, therefore, that there is no right of reimbursement and that the respondent is merely entitled to a credit for $1,370 on account of its total liability under this act. I hold further, that respondent has no claim on the sum of $1,370 which has been withheld from the third party settlement.

10. I hold that payments by respondent or its insurance carrier on account of disability shall be deferred until there shall have been exhausted by the application of $20 per week from the date of the accident, the net proceeds which have already been received by petitioner. After deducting from the said sum of $12,000 paid by the third parties the legal fees and expenses in the sum of $4,200, and medical and other charges actually paid and to be paid by petitioner, in the sum of $2,919.72, petitioner has actually left only $5,080.28 which should be applied toward the disability payments under the Workmen's Compensation act; that in addition thereto, petitioner has received from respondent, or its insurance carriers, the sum of $1,360 towards his temporary disability payments. This means that petitioner has already received the sum of $6,440.28, which represents disability payments for a period three hundred and twenty-two weeks from January 13th, 1936. Payments by respondent for disability and on account of its liability hereunder shall be postponed until the expiration of three hundred and twenty-two weeks from January 13th, 1936.

#### ORDER AND ALLOWANCE OF COMPENSATION

It is, thereupon, on this 31st day of May, 1938, ordered, that judgment final be entered in favor of the petitioner and against the respondent and its insurance carrier, New Jersey Manufacturers Casualty Insurance Company as follows:

1. For temporary disability for ninety-three weeks, from January 13th, 1936, at the compensation rate of $20 per

week, $1,860. 2. For eighty per cent. of total and permanent disability or disability for four hundred weeks, at the compensation rate of $20 per week, $8,000. 3. For medical expenses, hospital expenses and other expenses hereinabove referred to, $2,919.72. Total, $12,779.72.

It is further ordered that on account of said judgment aforementioned in the total of $12,779.72, respondent is entitled to a credit of $7,800, being the net recovery from the third parties after deducting attorney's fees and costs, and is entitled to an additional credit of $1,360 heretofore paid by respondent, and $10 paid by respondent for a hospital bill, leaving therefore $3,609.76 remaining to be paid hereunder by respondent.

It is further ordered, that at the expiration of three hundred and twenty-two weeks from January 13th, 1936, the respondent pay to the petitioner the balance of $3,609.76 in weekly payments of $20 each until paid in full.

\*       \*       \*       \*       \*       \*       \*

HARRY S. MEDINETS,
*Deputy Commissioner of Compensation.*