ANNA STAUBACH, ADMINISTRATRIX AD PROSEQUENDUM AND GENERAL ADMINISTRATRIX OF THE ESTATE OF EDGAR ROLAND STAUBACH, DECEASED, PLAINTIFF-APPELLANT, v. CITIES SERVICE OIL CO., A CORPORA-TION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLEE, AND ANDREW BARCELLONA, DEFENDANT.

Argued January 23, 1941—Decided May 13, 1941.

480

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the appellant, *Bernard Folkenflik* (*Julius Kwalick*, of counsel).

For the appellee, *John W. Taylor* (*Harry E. Walburg*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. The question for decision is whether the trial judge erred, as claimed, in striking the complaint on the ground that it failed to state a cause of action.

We approach our consideration and determination of the stated question upon the premise that the facts alleged in the complaint and all proper inferences to be drawn therefrom are concededly true. *Crawford* v. *Winterbottom*, 88 *N. J. L.* 588; 96 *Atl. Rep.* 497; *Railroad Employees' Personal Loan Co.* v. *Dillon*, 123 *N. J. L.* 31; 7 *Atl. Rep.* (*2d*) 858.

We learn from the complaint that on September 26th, 1940, plaintiff brought suit in the Union County Court of Common Pleas against the Cities Service Oil Co., a corporation of this state, and Andrew Barcellona, a fellow employe of her deceased husband. Although she charged both with actionable negligence which resulted in the death of her husband on June 1st, 1939, and sought recovery from them, under our Death Act, for herself and her three infant children, she discontinued her suit against Barcellona.

Plaintiff's deceased husband was employed by the defendant company as a pipe fitter's helper. On June 1st, 1939, he was, in the course of his employment, bending a pipe which a fellow employe was heating with an acetylene torch. Andrew Barcellona, pursuant to a widespread practice of certain of the employes in the defendant company's plant of throwing liquids at each other in a spirit of fun, threw a pail of liquid on the deceased. This liquid he had obtained from a tank which bore no label nor marks as to its contents and which had been used, at times, to contain all water, at other times to contain a mixture of naphtha and water, and at still other times to contain all naphtha. When the contents of this pail came into contact with the blaze from the acetylene torch, it burst into flames and the plaintiff's decedent suffered burns from which he died.

The gravamen of the cause of action against the defendant company is that the company knew or should have known of the custom of its employes of throwing liquid at each other, and that defendant's failure to control these employes or its failure to label the tank, constituted actionable negligence for which plaintiff was entitled to recover.

We learn further from the record that on October 1st, 1940, defendant company gave notice to counsel for plaintiff of a motion to strike the complaint on the ground that it failed

to state or disclose a cause of action against defendant company. The trial judge granted the motion on the grounds that the complaint did not exclude the applicability of the Workmen's Compensation Act; that the complaint did not set forth a cause of action extra the act since there was no liability at common law either to prevent assaults or skylarking among employes, or to see to it that such assaults or skylarking were conducted harmlessly or with reasonable care; and that the allegations set forth in the complaint were *res adjudicata* as between the parties because of a judgment entered in the Workmen's Compensation Bureau on May 24th, 1940, dismissing the claim petition of plaintiff against defendant company on the ground that the death of plaintiff's intestate was not the result of an accident arising out of and in the course of his employment.

We learn further from the record that the claim petition, defendant's answer thereto, and the determination of the Bureau, marked *Exhibits A*-1 2 and 3, were apparently used on the motion to strike the complaint and made part of the record submitted without objection.

Accordingly, the trial judge entered an order dismissing the complaint. The propriety of the judgment entered on that order is here challenged. The grounds of that challenge are embraced in the three following questions:

1. Was the Workmen's Compensation Bureau without jurisdiction, as urged, because the death of plaintiff's husband was the result of skylarking? It is true that an injury resulting from an assault occurring willfully or sportively is not a compensable accident within the meaning of the Workmen's Compensation Act. *Hulley* v. *Moosbrugger*, 88 *N. J. L.* 161; 95 *Atl. Rep.* 1007; *L. R. A.* 1916C, 1203; 1 *Honnold on Workmen's Compensation* (1918), 440. It is also equally true that when an employer knows of the occurrence of such assaults in the past and fails to prevent their recurrence, so that a subsequent injury, resulting therefrom, may be said to have followed, in a given case, as a "natural incident of the work" and to have been such that it would "have been contemplated by a reasonable person," then it may be said to have arisen not only in the "course of" but also "out of" the

employment and to be compensable under the Workmen's Compensation Act. *Hulley* v. *Moosbrugger, supra* (at *p.* 164); *Schmoll* v. *Weisbrod & Hess Brewing Co.*, 89 *N. J. L.* 150; 97 *Atl. Rep.* 723; *Foley* v. *Home Rubber Co.*, 89 *N. J. L.* 474; 99 *Atl. Rep.* 624; *affirmed*, 91 *N. J. L.* 323; 102 *Atl. Rep.* 1053; *Patterson* v. *S. S. Thompson, Inc.*, 12 *N. J. Mis. R.* 4; 169 *Atl. Rep.* 338; *Mountain Ice Co.* v. *McNeil*, 91 *N. J. L.* 528; 103 *Atl. Rep.* 184; *L. R. A.* 1918E, 494. Since plaintiff's complaint alleges a cause of action based upon the knowledge by the employer of the customary skylarking, it therefore states a cause of action which is compensable under the Workmen's Compensation Act. If the facts alleged be true, as we must assume them to be, our answer to the question as to whether the Workmen's Compensation Bureau had jurisdiction is in the affirmative.

2. In light of our answer to the first question, the next question is whether plaintiff may nonetheless maintain her pleaded common law action. We do not think so. There is no allegation in the complaint that the contract of employment between defendant company and plaintiff's deceased husband contained any express statement in writing that article 2 (Elective Compensation) of our Workmen's Compensation Act (*R. S.* 34:15-7, *et seq.*), was not intended to apply, nor that any written notice to that effect was given. It is thus presumed that the parties accepted and were bound by the provisions of that article. *R. S.* 34:15-9. Plaintiff was therefore barred from recovery in her common law action and the order striking the complaint on the ground that it disclosed no cause of action was clearly proper. *Gregutis* v. *Waclark Wire Works* (*Court of Errors and Appeals*), 86 *N. J. L.* 610; 92 *Atl. Rep.* 354; *McNutt* v. *Adams Express Co.* (*Court of Errors and Appeals*), 94 *N. J. L.* 487, 490; 111 *Atl. Rep.* 13.

3. Was the judgment in the Bureau *res adjudicata?*

It is of course settled that a finding and determination in the Bureau is essentially a final judgment and may properly be pleaded as a basis for the application of the doctrine of *res adjudicata. Mangani* v. *Hydro, Inc.*, 119 *N. J. L.* 71, 73; 194 *Atl. Rep.* 264. Whether the pleadings and the judgment

based thereon in the bureau were properly before the trial judge below is a question the disposition of which is not here necessary in light of our answer to the first and second questions, which answers we hold to be dispositive of this appeal.

The judgment is affirmed, with costs.