Essex County Court of Common Pleas.

JOSEPH PEZZINO, PETITIONER-APPELLANT, v. CHARMS COMPANY, RESPONDENT-APPELLEE.

Decided November 20, 1946.

For the petitioner-appellant, *Rothbard, Harris & Oxfeld.*

For the respondent-appellee, *Kalisch & Kalisch.*

CONLON, C. P. J. On October 29th, 1945, petitioner, while in the employ of the respondent, suffered an accident for which he seeks an award for permanent disability. He claims that the upper part of his right central tooth was broken off. The injured tooth was cut down and covered with a porcelain jacket crown. This work was performed by the respondent's dentist and paid for by it. All jurisdictional facts are admitted and no award for temporary disability was claimed.

The Bureau sustained respondent's contention that no compensable injury was indicated and dismissed the petition. From that dismissal this appeal is taken.

The petitioner's position is that since the Compensation Act (*R. S.* 34:15–12t; *N. J. S. A.* 34:15–12t) prescribes compensation for four weeks for the loss of a tooth, upon the proofs adduced in this case, he is entitled to a proportionate award for the loss of part of a tooth. On the other hand, the respondent contends that no disability resulted from the loss of part of the tooth and that for this reason petitioner is entitled to no compensation.

The amount of the award involved is negligible. Counsel for both parties indicate that they are primarily interested in the solution of the legal principle involved.

Where there is an impairment of any member of the body mentioned in the schedule in the statute above referred to, a proportionate award is warranted. The extent of the incapacity has relation to the proportion—not the propriety—of the award.

As was stated by Mr. Justice Heher in a comparable situation in *Sutkowski* v. *Mutual Chemical Co.*, 115 *N. J. L.* 52; 178 *Atl. Rep.* 71, 72:

"This is a compensable disability, even though Sutkowski's capacity to render the service at which he was engaged was not thereby impaired, or his earning power diminished. The test is not impairment of earning capacity; it is rather the "loss of physical function which detracts from the former efficiency of the body or its members in the ordinary pursuits of life." *Burbage* v. *Lee*, 87 *N. J. L.* 36; 93 *Atl. Rep.* 859; *DeZeng Standard Co.* v. *Pressy*, 86 *N. J. L.* 469; 92 *Atl. Rep.* 278; *affirmed, sub nom. Pressy* v. *DeZeng Standard Co.*, 88 *N. J. L.* 382; 96 *Atl. Rep.* 1102; *Hercules Powder Co.* v. *Morris County Court of Common Pleas*, 93 *N. J. L.* 93; 107 *Atl. Rep.* 433."

The same justice, speaking for the Court of Errors and Appeals in *Everhart* v. *Newark Cleaning and Dyeing Co.*, 119 *N. J. L.* 108; 194 *Atl. Rep.* 294, expresses the principle as follows:

"Although the compensation afforded by the statute is based upon and is measured by the workmen's earnings, the test of liability is not the immediate impairment of earning power; it is rather the loss ensuing from personal injury

which detracts from the 'former efficiency' of the workmen's 'body or its members in the ordinary pursuits of life.' The benefits conferred by this particular provision have been classified by this court as in the nature of an indemnity for personal injury sustained, rather than for the mere loss of earning power."

The loss of a part of a tooth is clearly a physical injury and it is unnecessary to discuss the effects of the repair work done by the dentist. The fact that an impairment of a natural function is repaired by artificial device is immaterial. *Johannsen* v. *Union Iron Works*, 97 *N. J. L.* 569; 117 *Atl. Rep.* 639.

I find that an injury resulting in the loss of a part of a tooth is compensable and that the Bureau erred in dismissing the petition. However, in the brief record before me there is not sufficient testimony to permit a rational determination as to the proportion of total disability which should be allowed.

This matter is, therefore, remanded to the Bureau for its determination as to the allowable percentage of disability.