ELSIE MAE BUTTS, PETITIONER-RESPONDENT, v. GENERAL MOTORS CORPORATION, HYATT BEARINGS DIVISION, RESPONDENT-PROSECUTOR.

Submitted October 1, 1946—Decided April 3, 1947.

Before Justices BODINE and WACHENFELD.

For the respondent-prosecutor, *Carpenter, Gilmour & Dwyer (Carl S. Kuebler,* of counsel).

For the petitioner-respondent, *Fred Freeman (Seymour B. Jacobs,* of counsel).

The opinion of the court was delivered by

WACHENFELD, J. This is a workmen's compensation case in which an award was denied by the Bureau but on appeal the Hudson County Court of Common Pleas granted compensation and costs.

Respondent commenced employment with the prosecutor in July, 1943, as a grinder. During the operation of the

machine a composition of oil used to keep the bearings from burning gave off a vapor which fell on the operator. On October 1st, 1943, the respondent reported a rash on both arms and was given a skin lotion by the company physician which improved her condition. During the following December she one day noticed her clothes were soaking wet with oil and a few days later a rash broke out on her face, neck, chest, arms and legs causing a burning and itching sensation and resulting in a chronic dermatitis which was due to contact with the machine oil. Respondent again reported to the company hospital and was instructed to go to her own doctor. In October, 1944, she went to a private physician who treated her four or five times for the condition. Respondent was also treated by the company physician from March, 1944, through April, 1945, for the rash which sporadically appeared on her body. In March, 1945, respondent stopped working when the rash spread, and was given a sick leave of absence until July, 1945, at which time her employment was terminated by the prosecutor after she declined assignment to another job.

The oil spray which caused this dermatitis condition was continually present and increased according to the speed of the machine. A protective shield provided for the machine did not bar the spray from settling on the operator. In December, 1943, when the respondent noticed particularly the oily condition of her clothes, there was nothing unusual in the operation of the machine except that it was turned on faster and thereby increased the spray.

The rash has resulted in scars on respondent's legs and arms and an itching sensation which, while leaving unimpaired her functional ability, has resulted in a ten per cent. total disability from the purely subjective effect of itching.

The petition originally alleged abrasions resulting from a fall as the basis for the claim, but at the hearing before the Bureau an amendment was allowed to change the claim to a dermatitis condition arising from oil spray.

The disposition of this case depends upon the determination of an "accident" as required by R. S. 34:15-7. We are not

aided by the 1945 amendment to *R. S.* 34:15–31 compensating dermatitis since it was enacted after the occurrence of this disability and is therefore inapplicable.

Compensation can be allowed only where a definite event, apart from the resulting disability, can be fixed as the cause of the disability. That requirement was explained in *Liondale Bleach Works* v. *Riker,* 85 *N. J. L.* 426, 429, where the court stated:

"\* \* \* the learned trial judge rested upon a construction of the statute which makes the word 'accident' include 'those events which were not only the result of violence and casualty, but *also those resulting conditions,* which were attributable to and caused by events that take place without one's foresight or expectation.' This, however, is to make the employer's liability turn on resulting conditions rather than on the fact of injury by accident. There may indeed be compensation awarded for resulting conditions where you can once put your finger on the accident from which they result; but the ground of the action fixed by the statute is the injury by accident, not the results of an indefinite something which may not be an accident."

This dermatitis condition may have arisen "in the course of" and "out of" respondent's employment, but we determine, after an independent appraisal of the evidence, that an "accident" did not occur causing that disability. The oil spray was an attending condition of the operation of the grinding machine which in its cumulative effect over an indefinite period of time caused the disability. As such, the injury is not compensable.

Judgment reversed.