BERNARD  H O P L E R ,  PETITIONER-RESPONDENT  AND
CROSS-APPELLANT,  v.  HILL  CITY  COAL  &  LUMBER
CO.,  RESPONDENT-APPELLANT  AND  CROSS-RESPOND-
ENT.

Superior Court of New Jersey
Appellate  Division

Argued  February  6,  1950—Decided  March  1,  1950.

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. Isidor Kalisch* argued the cause for the respondent-appellant and cross-respondent (*Mr. Stanley U. Phares,* attorney).

*Mr. John A. Laird* argued the cause for the petitioner-respondent and cross-appellant (*Mr. David Roskein,* attorney).

The opinion of the court was delivered by

JACOBS, S. J. A. D.   The parties appeal from a judgment entered in the Union County Court which sustained the petitioner's claim for additional compensation because of increased incapacity but reduced the amount of the award rendered in the Workmen's Compensation Bureau.

In 1940 the petitioner, while in the employ of the respondent, Hill City Coal & Lumber Co., sustained injuries to his abdomen and back as a result of an accident arising out of and in the course of his employment.   He was treated by several physicians, was hospitalized and a spinal fusion was performed.   After the operation his condition improved and his pain diminished; in fact, sufficiently so that during a hearing in 1941 before the Bureau he stated that he "felt pretty good."   Dr. Briggs, a physician specializing in orthopedic surgery who had performed the operation, testified at that time that the petitioner's disability was forty to forty-five per cent, he was able to do light but not laborious work, and his condition was expected to improve.   On December 16, 1941, the Bureau found that the petitioner had sustained a permanent disability to his abdomen and back to the extent of thirty per cent and an award was rendered.   That award was fully paid, the last payment having been made on March 9, 1944.   On March 7, 1946, the petitioner filed a petition alleging that his abdomen, back, limbs and body had been injured and that he had suffered an increase of disability beyond that for which he had received an award in 1941. An answer was filed denying that petitioner's disability had increased and testimony was taken at several hearings held between November, 1948, and January, 1949.

The petitioner testified that early in 1942 he was employed as a mechanic's helper by the Public Service Coordinated Transport Co. and after he had worked for a short time he felt as badly as he had prior to the operation. He looked for lighter work and was employed as a church sexton. He found that work too difficult and obtained employment with the Lehigh Valley Railroad Co. as a freight agent, doing clerical desk work. He testified that he found difficulty in "straightening up" while arising from a seated to a standing position; this difficulty kept increasing until finally, in November, 1947, he "couldn't straighten up anymore;" and when he now attempts to straighten up he has "Severe pain and pressure in the lower back, down the right leg, and the pain shoots right down to the toes." As a result, he walks in a position which is severely stooped from the hips. He has received medical treatments from time to time but they have not improved his condition. The testimony of the petitioner's wife supported, in general, that of the petitioner.

Dr. Heyman, a physician who had examined the petitioner on several occasions from 1946 to 1948, estimated the petitioner's present disability at seventy-five per cent of total; he did not express any opinion as to the amount of increased disability since the award of 1941. *Cf. Cirillo v. United Engineers & Constructors, Inc.,* 121 *N. J. L.* 511, 514 (*E. & A.* 1939). Dr. Briggs testified that, in his opinion, the petitioner's disability had increased from forty to forty-five per cent of total to seventy per cent of total and he attributed this increase of twenty-five to thirty per cent of total to the accident and *sequelae.* Dr. Briggs could not state whether the petitioner's stooped posture was orthopedic or neurological in nature.

The employer did not introduce any testimony, medical or otherwise, but moved to dismiss on the ground that the increased disability was neurological and petitioner had made no claim therefor in his petition filed on March 7, 1946. The Bureau denied the motion; found that the petition was sufficient to sustain the claim of increased neurological as well as orthopedic disability and, if not, would be considered

28

amended to that end; and awarded additional compensation of forty per cent of total disability upon the finding that his increased disability "affects him orthopedically and neurologically." See *Granahan v. Celanese Corporation of America*, 3 *N. J.* 187 (*Sup. Ct.* 1949). The Bureau also allowed a counsel fee of $750 of which $400 was to be paid by the employer and $350 by the employee. On appeal, the County Court reduced the award to twenty-five per cent and sustained the Bureau's allowance of counsel fee. Both parties have appealed from the County Court's action.

The employer's first point is that the petitioner failed to establish by competent proof that his incapacity had increased since the 1941 award. We consider this contention to be without merit. The petitioner's proofs, accepted by both of the lower tribunals and not controverted by any affirmative evidence introduced by the employer, were sufficient to show that his condition is now considerably worse than it appeared at the time of the 1941 award. His physiological condition, as well as his capacity for work generally, have deteriorated; the fact that, notwithstanding his increased disability, he is doing desk work at a salary higher than that received in 1941, is not in any wise controlling. *Cf. Everhart v. Newark Cleaning & Dyeing Co.*, 119 *N. J. L.* 108, 111 (*E. & A.* 1937).

In view of the Supreme Court's decision in *Granahan v. Celanese Corporation of America, supra,* the employer has withdrawn its contention, advanced in the Bureau, that the petition did not support any increase on the basis of neurological injuries resulting from the accident. It urges, however, that the petitioner's increased neurological incapacity did not develop until 1947, and that the claim was consequently barred. This position is contrary to that taken by the employer before the Bureau and, in any event, is without substance. The petition was admittedly filed within the two-year statutory period (*R. S.* 34:15–27) and was filed in good faith upon the ground that some increased disability had occurred. Where, as here, the petitioner's condition worsened between the filing of the petition and the hearing, the clear

policy of the Act and the decisions of our Courts dictated that his award be based on his condition at the time of final adjudication. See *J. W. Ferguson Co. v. Seaman*, 119 *N. J. L.* 575, 581 (*E. & A.* 1938).

[█] The employee contends that the County Court erred in reducing the Bureau's award. As we understand the testimony of Dr. Briggs the increased disability was twenty-five to thirty per cent. This was the only medical testimony which compared the petitioner's condition in 1941 with his present condition and the County Court properly declined to sustain the Bureau's award for a greater amount. *Cirillo v. United Engineers & Constructors, Inc., supra.*

██ The final point for consideration is whether the County Court's action in sustaining the Bureau's allowance of counsel fee in the sum of $750 was improper. The employer contends that the allowance was in excess of the maximum permitted by *R. S.* 34:15–64 which provides that the Bureau may allow "to the party in whose favor judgment is entered, costs of witness fees and a reasonable attorney fee, not exceeding 20% of the judgment." The allowance was within twenty per cent of the award originally made by the Bureau but was in excess of twenty per cent of the award as reduced by the County Court. Counsel for the petitioner points out that the statutory language would seem to refer to the amount of counsel fee assessed against the employer alone; he acknowledges, however, that in administrative practice the statutory limitation has consistently been construed to be applicable to the Bureau's aggregate allowance and this construction was approved in *Parker v. John A. Roebling's Sons Co.*, 135 *N. J. L.* 440, 443 (*Sup. Ct.* 1947); affirmed, 136 *N. J. L.* 635 (*E. & A.* 1948). See *Haberberger v. Myer*, 4 *N. J.* 116 (*Sup. Ct.* 1950).

The judgment is affirmed except with respect to the provision relating to counsel fee which is remanded to the Union County Court for appropriate modification.