149 N.J. Super. 126 (1977)
373 A.2d 425
WALL TOWNSHIP EDUCATION ASSOCIATION AND WALL TOWNSHIP EDUCATION ASSOCIATION ON BEHALF OF ATHAN P. ANEST, HARRY W. BALDWIN, JOHN CARRAS, JOHN R. CONVERY, FRANCIS W. GROFF, DAVE HARRIS, MARTIN HERMAN, GEORGE HOOKER, JOHN M. HANUSEK, ROBERT LIVINGSTON, HARRY C. MADSEN, WILLIAM J. MEIR, POWERS McLEAN, ROBERT R. SMITH, LEONARD M. SARR, DON TOBER, RICHARD VAN DUYN, GERALD J. WARNER, RALPH WHITTAKER, HARRY WHITTLEY AND GEORGE WILLIAMS, PETITIONERS-RESPONDENTS,
v.
BOARD OF EDUCATION OF THE TOWNSHIP OF WALL, COUNTY OF MONMOUTH, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1977.
Decided March 16, 1977.
*129 Before Judges CARTON, KOLE and LARNER.
Mr. William C. Nowels argued the cause for respondent appellant (Messrs. Mirne, Nowels, Tumen, Magee & Kirschner, attorneys).
Mr. Peter S. Falvo, Jr. argued the cause for petitioners-respondents (Messrs. Morgan & Falvo, attorneys).
Mr. William F. Hyland, Attorney General, attorney for New Jersey State Board of Education, filed a statement in lieu of brief (Ms. Mary Ann Burgess, Deputy Attorney General, of counsel).
PER CURIAM.
The primary issue posed by this appeal is whether the military service credit granted to teachers by N.J.S.A. 18A:29-11 applies to eligibility for longevity increments contained in the collective negotiating agreement in the school district of Wall Township. The statute entitles a teacher who has served in the armed services to receive "equivalent years of employment credit for such service as if he had been employed for the same period of time in some publicly owned and operated college, school or institution of learning in this or any other state" limited to a maximum of four years.
The teachers on whose behalf the litigation was instituted are all eligible for the benefits of the statute and were in fact advanced on the salary guide in accord with their respective periods of military service. The board of education, however, refused to compute the military service credit in recognizing their eligibility for longevity increments pursuant to a contractual provision which reads as follows:
*130 Longevity Increments: An additional $450 increment for teachers entering their 15th and 18th years of teaching as a fully certified teacher.
An additional $450 increment for teachers entering their 21st year of teaching in Wall Township.
At first the Association proceeded through the grievance procedure and advisory arbitration, but thereafter discontinued the arbitration and filed a petition of appeal with the Commissioner of Education. The matter was heard by the Commissioner pursuant to a stipulation of facts and cross-motions for summary judgment. The Commissioner determined the issue in favor of the teachers and was affirmed by the State Board of Education. The local board appeals from that decision.
Preliminarily, we reject the contention of appellant that the matter was cognizable before the Public Employee Relations Commission and not the Commissioner. Appellant proceeded with the hearing before the Commissioner without objection. Furthermore, the issue is purely one of substantive law involving the construction of the legislative enactment  a matter arising under the school laws within the jurisdiction of the Commissioner of Education. N.J.S.A. 18A:6-9.
The other peripheral contention, that the teachers are barred from relief because of laches, is equally without merit. This defense, raised for the first time on appeal, is not supported by evidence of the necessary elements of undue delay and resultant prejudice. See West Jersey Title and Guaranty Co. v. Industrial Trust Co., 27 N.J. 144, 153 (1958); Auciello v. Stauffer, 58 N.J. Super. 522, 530 (App. Div. 1959)
Turning to the substantive issue involved herein, we agree with the Commissioner that the credit for military service entitles a teacher to a status equal to that of a teacher who has had employment credit for the same period of time up to a maximum of four years. This credit is not limited to the benefits of his status on the salary guide but extends also *131 to any other benefits granted to other teachers because of longevity experience in the teaching field. We find nothing in the statute suggesting a contrary construction. As a consequence, when a teacher with military service is advanced on the salary guide because of the statutory credit, he remains in that position for equal treatment with those on the same step because of teaching experience. The statute is clear and unambiguous in its intent.
Appellant also urges that the longevity increments under the collective negotiating agreement should only apply to service for the requisite years in the Wall Township system and that military service credit therefore should not be counted. As we read the pertinent provision which we have quoted above, teachers in Wall Township are entitled to longevity increments when they enter their 15th and 18th year of "teaching as a fully certified teacher" in whatever system they have acquired their experience. A veteran, therefore, is entitled to the same increments if his total service as a fully certified teacher plus his military service credit equals the number of years required for eligibility. Since the statute mandates equivalency, the local board cannot apply the agreement in a manner which is violative of the statutory requirement.
Our construction of the contractual provision is confirmed by the final sentence which deals with an additional increment for teachers "entering their 21st year of teaching in Wall Township." By contrast with the remainder of the increments for the 15th and 18th years, this provision limits the 21st year increment to service for the entire period in Wall Township. As already noted, veterans are granted equivalency with nonveterans; they are therefore equally subject to the provisions of the negotiating agreement which are not in conflict with the legislative policy. And since the 21-year increment is based upon such total service in the Wall community, credit for military service cannot be utilized in determining eligibility for this additional increment. The *132 statutory credit applies as if the veteran had been employed for the period of his military service in "some publicly owned and operated college, school or institution of learning." (Emphasis added.) Since the military service is not equated in the statute with employment in the same school system, the credit cannot be applied for eligibility for the extraordinary longevity increment due because of service in Wall Township.
In accord with the foregoing we affirm the decision of the Commissioner and State Board of Education that, under the current bargaining agreement, military service credit is to be afforded to the teaching staff in connection with longevity increments commencing the 15th and 18th year of teaching. We further hold that such credit is not applicable to the additional increment commencing the 21st year of teaching in Wall Township.