170 N.J. Super. 162 (1979)
406 A.2d 175
JOSEPH GIORNO, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF SOUTH BRUNSWICK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1979.
Decided July 26, 1979.
*163 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. Peter J. Schwartz argued the cause for appellant.
Mr. Joseph J. Benedict argued the cause for respondent (Messrs. Benedict, Orban and Altman, attorneys).
*164 The opinion of the court was delivered by BOTTER, J.A.D.
Plaintiff, a police officer employed by defendant, appeals from a judgment denying him benefits attributable to his prior service as a member of the Middlesex County Park Police. Plaintiff was employed as a patrolman with the County Park Police for 5 1/2 years commencing in May 1962. He was first employed by defendant in December 1967. He came into defendant's service at an annual salary of $6,000, which was the first step of the range for patrolmen at that time of $6,000 to $7,903. At the time he was hired there was no discussion about credit for prior service. (Defendant asserts that at that time the salary range for patrolmen with the County Park Police was $5,226 to $6,554 and that plaintiff's annual salary with the County was then $6,059.)
In September 1977 plaintiff filed this action in lieu of prerogative writs claiming prior service credits pursuant to N.J.S.A. 40A:9-5. He claimed 39 1/2 sick days accumulated while employed by the county, salary differential for each year he was employed by defendant, totalling $14,777.40 as of August 1977, plus credits "for any future salary steps, holiday, and over-time adjustments, back pay and sick days which may accrue during the pendency of this litigation."
In the trial court defendant urged that plaintiff's claim be barred by the doctrines of laches, waiver and estoppel. Defendant's contentions were based in part upon appellant's participation as a member of the P.B.A. negotiating team in 1968 and for several years thereafter in negotiating salaries, longevity, holiday pay and other benefits. These negotiations were reflected in defendant's ordinances and personnel code. In 1971 appellant was promoted to sergeant and thereafter continued to participate in negotiations concerning salary and other benefits reflected in contracts entered into by defendant and the P.B.A. Obviously, the negotiated contracts did not provide additional benefits to transferred employees based upon their prior service.
*165 N.J.S.A. 40A:9-5 provides for carrying over credit for prior periods of employment on transferring from one position to another in municipal or county government on the following terms:
Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department in the county government; or of a county employee to any other position or department in county employment, or to a department or position of a municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.
N.J.S.A. 40A:9-5 became effective on July 1, 1971. However, it continued without substantial change the provisions of N.J.S.A. 40:11-5. Caldwell v. Rochelle Park Tp., 135 N.J. Super. 66, 73-75 (Law Div. 1975).
Relying to some extent upon Widmer v. Mahwah Tp., 151 N.J. Super. 79, 81 (App.Div. 1977), the trial judge held that plaintiff's participation in negotiating employment terms over the years "all combine to effect a waiver or an estoppel or both." Accordingly, judgment was entered in favor of defendant.
In Widmer, we held that the benefits of N.J.S.A. 40A:9-5 could be waived and that the employee there had in fact waived those benefits when he accepted employment after being told that he was starting "fresh, right at the bottom," not as a "lateral transfer," and that his prior service in another municipality "would not be credited him for purposes of longevity and seniority." As an alternate basis for the decision we held that the employee would be estopped from renouncing the terms of employment he had agreed upon.
In the case at hand we find no express waiver of the benefits conferred by N.J.S.A. 40A:9-5 or its predecessor, N.J.S.A. 40:11-5, which was in effect when plaintiff's employment *166 with defendant commenced. "`Waiver' is the intentional relinquishment of a known right," involving the voluntary surrender by an individual of a right or benefit. West Jersey Tile & Guar. Co. v. Industrial Trust Co., 27 N.J. 144, 152-153 (1958). The chief of police testified in depositions which were made part of the record that at the time plaintiff was hired he had no discussion with plaintiff concerning credit for his prior service with the County Park Police. N.J.S.A. 40A:9-10.1 provides that a county or municipal governing body may contract with any officer or employee for employment "at a lesser salary, wage or compensation than otherwise fixed * * *." However, general negotiations of contract terms for classes of employees would not be taken to constitute an agreement to waive prior service credits for one or more particular members of the class, especially where the members of the same class may have conflicting interests in accomplishing such a waiver.[1] Thus, in the case at hand we conclude that there was no express waiver of plaintiff's right to prior service credits.
Absent an express waiver, plaintiff is entitled to receive credit for his prior service with the County Park Police. This does not mean, however, that he is entitled to all the relief he has sought. Libby v. Union Cty. Freeholders Bd., 125 N.J. Super. 471 (App. Div. 1973), upheld the grant of longevity pay for the years following commencement of the action but remanded for proofs as to waiver and laches as a bar to retroactive relief. Here we are satisfied that the long period between plaintiff's employment and the commencement of this action should bar retroactive relief on grounds of laches or estoppel. Municipal governments must provide for operating expenses on a current annual "cash basis," N.J.S.A. 40A:4-3, except for unforeseen, pressing needs, N.J.S.A. 40A:4-46, or as otherwise permitted by law. See *167 also, N.J.S.A. 40A:4-57; Essex Cty. Bd. of Taxation v. Newark, 139 N.J. Super. 264, 273-274 (App.Div. 1976), mod. 73 N.J. 69, 372 A.2d 607 (1977). It is desirable to have the issue of transferred service credits resolved before the employment commences, or at least at an early date. On the facts of this case it seems equitable to allow the claim only from the date of the filing of the complaint. It was then for the first time that the municipality should have anticipated its potential liability for salary differentials based upon plaintiff's prior years of service as a police officer.
Having reached a contrary result on the issue of liability, the trial judge did not evaluate plaintiff's particular claims asserted in his complaint. Accordingly, we remand the case to the trial court for proofs on those issues, should the parties be unable to agree, and for the entry of an appropriate judgment.
Reversed and remanded. We do not retain jurisdiction.
NOTES
[1] This point is discussed more fully in Kloss v. Parsippany-Troy Hills Tp., 170 N.J. Super. 153 decided by us this day.