170 N.J. Super. 153 (1979)
406 A.2d 170
GEORGE KLOSS, WAYNE R. LOUDON, ALFRED E. SLASKA, ROBERT RIZZOLO, EDWARD J. WISNIEFSKI, JOSEPH S. MOORE, WILLIAM C. MAKOWITZ, JOHN C. DEYOUNG, RUSSELL P. MILLER, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF PARSIPPANY-TROY HILLS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1979.
Decided July 26, 1979.
*154 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. Jack L. Wolff argued the cause for appellants (Messrs. Scerbo, Kobin & Wolff, attorneys).
Mr. Roy R. Claps argued the cause for respondent (Messrs. Pendleton & Latzer, attorneys; Mr. Bertram J. Latzer and Mr. Claps on the brief).
*155 The opinion of the court was delivered by BOTTER, J.A.D.
Plaintiffs, nine police officers employed by Parsippany-Troy Hills, commenced this action in May 1976 to compel defendant to grant them prior service credits pursuant to N.J.S.A. 40A:9-5 based upon their past employment by municipal or county governments. They sought retroactive pay differentials, vacation and longevity pay, and preference in promotional examinations calculated on the basis of their years of prior service in relation to their employment by defendant. Some of the issues raised are the same as those decided by us this day in Giorno v. South Brunswick Tp., 170 N.J. Super. 162.
The relevant employment history of each plaintiff was established by the testimony and stipulations as follows:

 Name and Date Hired Prior Prior
 Position by Defendant Employment Employer
George Kloss 1/70 2/69 to 1/70 Sheriff's Office
Detective Morris County
Wayne R. Loudon 7/71 7/67 to 7/71 Police Dept.
Detective Town of Boonton
Alfred A. Slaska 8/74 12/19/66 to 2/8/74 Police Dept.
Patrolman City of Garfield
 2/8/74 to 8/19/74 Police Dept.
 Tp. of Rockaway
Robert Rizzolo 12/72 3/23/70 to 12/29/72 Police Dept.
Patrolman City of Newark
Edward J. Wisniefski 6/75 10/19/71 to 11/5/73 Passaic Cty. Park
 Police[*]
Patrolman 11/5/73 to 6/1/75 City of Passaic
 Police Dept.
Joseph S. Moore 7/74 8/73 to 7/74 Defendant as radio
 dispatcher
William S. Makowitz 7/74 1/31/72 to 7/8/74 City of Newark
Patrolman Police Dept.
John C. DeYoung 2/75 8/73 to 2/75 Defendant as
Patrolman dispatcher
Russell P. Miller 8/73 9/64 to 8/73 Essex Cty. Park
Patrolman Comm'n

*156 According to the testimony, when defendant hired plaintiffs as police officers plaintiffs were not aware of N.J.S.A. 40A:9-5[1] or its predecessor, N.J.S.A. 40:11-5, and plaintiffs did not know they could claim credit for their prior public service. Defendant's business administrator and comptroller also testified that neither he nor other township employees, to his knowledge, were aware of these statutes. The policy followed in hiring police officers with experience who had previously completed the six or eight-week training course at the State Police Academy was to pay them a salary starting at the second step of the salary range. In fact, some of the plaintiffs, Kloss, Loudon, Slaska and Makowitz, for example, did start at the second pay step.
It was not until July 1975 that plaintiffs first learned of N.J.S.A. 40A:9-5. In June of that year Caldwell v. Rochelle Park Tp., 135 N.J. Super. 66 (Law Div. 1975), was decided. In that case Judge Petrella correctly read this court's opinion in Libby v. Union Cty. Freeholder Bd., 125 N.J. Super. 471 (App. Div. 1973), as terminating the interpretation given the statute in Carroll v. Caulfield, 80 N.J. Super. 472 (Law Div. 1963). Carroll held that the statute applied to in voluntary transfers only. Carroll apparently had wide acceptance that prevailed despite the Libby decision in 1973, until Caldwell came along. Caldwell was well publicized in police circles and was the subject of articles in the P.B.A. publication, Finest, in the September and November 1975 issues. This inspired plaintiffs, starting in November *157 1975, to make demands on defendant for back pay adjustments and adjustments in vacation time, longevity benefits and promotional status to reflect their prior service. These demands were referred to the township attorney for his advice and were rejected in January 1976. This action was commenced some months later.
Initially the trial judge rejected the defenses of laches, waiver and estoppel, but he dismissed Miller's claim because his prior service was in the employ of the Essex County Park Commission rather than Essex County itself. For the same reason that portion of Wisniefski's prior service in the employ of the Passaic County Park Commission was disallowed. On reargument, however, judgment was entered in favor of defendant on the ground that contracts entered into between defendant and P.B.A. Local 131 established salaries, vacation and longevity benefits and, as provided by Article XXI, "all wages, rights and responsibilities of the parties which were or could have been the subject of negotiations." Article XXI of the two negotiated agreements covering the years 1973-1974 and 1975-1976 further provided:
During the term of this Agreement, neither party will be required to negotiate with respect to any such matter, whether or not covered by this Agreement, and whether or not within the knowledge or contemplation of either or both of the parties at the time they negotiated or signed this Agreement.
Moreover, N.J.S.A. 40A:9-10.1 provides that a county or municipality may contract with any officer or employee "to perform the duties of his office, position or employment at a lesser salary, wage or compensation than otherwise fixed and when the contract shall be entered into, it shall control the amount of such salary." Relying on this statute and the negotiated contracts, the trial judge in a written opinion held that plaintiffs were precluded from claiming any wage or salary adjustments. He further held that plaintiffs were barred on the principle of equitable estoppel from asserting claims for other benefits, such as longevity pay, vacation time and preference for promotional *158 examinations, since (a) the contracts covered "many, if not all, of the rights that are subject matters of collective bargaining," (b) plaintiffs accepted their salaries without protest when they were hired, and (c) defendant "would incur sever[e] detriment if compelled to provide the necessary financing to support some of these claims." The proofs showed that plaintiffs' total claims approximated $28,000, or $20,000 if Miller's and Wisniefski's claims for county park commission service are disallowed. This compares with the total municipal budget for 1976 of about $6,000,000.
We have no doubt that when plaintiffs were first employed they could have expressly agreed to accept salaries and other terms that excluded the benefits provided by N.J.S.A. 40A:9-5. Widmer v. Mahwah Tp., 151 N.J. Super. 79 (App.Div. 1977), so held, and that holding is consistent with N.J.S.A. 40A:9-10.1. But we do not view the contracts negotiated by P.B.A. Local 131 for all patrolmen employed by defendant as expressly waiving the rights and benefits conferred by N.J.S.A. 40A:9-5 on some of its members.
The negotiated contracts embodied general provisions applicable to all police officers governed by its terms, without distinction based on their individual circumstances. Article IV, dealing with salaries for patrolmen, established four ranges, a starting salary, and salaries after the first, second and third year of employment. Similarly, provisions dealing with other benefits, such as vacation time and longevity, which increase with years of service, are in general terms. The contracts do not reflect negotiations on behalf of a particular officer or group of officers based upon their prior municipal or county service elsewhere or other individual characteristics. In our view, resort to the contracts begs the issue in this case. The contracts provide certain benefits for patrolmen according to their years of employment with defendant. But the contracts do not foreclose application of N.J.S.A. 40A:9-5 in determining how those years of employment are to be calculated.
*159 N.J.S.A. 40A:9-5 mandates that the years of employment "shall be computed as if the whole period of [qualifying municipal or county] employment of such employee had been in the service * * * or in the position, to which the said employee had been transferred." The terms of N.J.S.A. 40A:9-5 can be read into the negotiated contract without violence to its terms. Thus, we reject the concept that the contracts negotiated by P.B.A. Local 131 "as the sole and exclusive collective negotiation bargaining agent for all patrolmen employed by" defendant foreclosed plaintiffs' claims.
However, in the circumstances of this case, we will bar on the ground of equitable estoppel plaintiffs' claims for retroactive adjustments in wages, vacation pay, and longevity pay for the period preceding the commencement of this action. The delay between the appointment of each plaintiff and his demand for benefits conferred by N.J.S.A. 40A:9-5, the commencement of this action in lieu of prerogative writs more than 45 days after the accrual of their rights (and also, apparently, after their demands were formally rejected), see R. 4:69-6(a), and the likelihood that defendant relied to some extent on the seeming finality of the negotiated agreements, lead us to this conclusion. We agree with the trial judge's view that defendant entered into negotiated contracts in reliance on the provision that its terms provided all the benefits owing to their employees and all the expense defendant would encounter. While we hold that these general terms cannot serve to deprive plaintiffs of rights bestowed by statute, absent an express waiver of those rights, a fair accommodation in this case, in our view, is to credit plaintiffs with all qualifying prior service in calculating salary, vacation time and longevity pay for the period beginning with the commencement of this action. See Pfeffer v. Delran Tp., 159 N.J. Super. 497, 505-506 (Law Div. 1978). As noted in Giorno, supra, subject to certain exceptions, N.J.S.A. 40A:4-46, *160 municipal governments must operate on a current "cash basis." N.J.S.A. 40A:4-3; see N.J.S.A. 40A:4-57. Moreover, it is important to encourage the prompt assertion and resolution of a claim for transferred service credits, preferably before employment begins.
We will now consider whether Miller's and Wisniefski's prior service with the Essex County Park Commission and the Passaic County Park Commission, respectively, qualifies as "county employment" for the transfer of credit pursuant to N.J.S.A. 40A:9-5. We recognize that county park commissions established under N.J.S.A. 40:37-96 et seq. are autonomous agencies for some purposes. Union Cty. Freeholder Bd. v. Union Cty. Park Comm'n, 41 N.J. 333, 338 (1964); Wall v. Hudson Cty. Park Comm'n, 80 N.J. Super. 372, 377 (App.Div.), certif. den. 41 N.J. 198 (1963). Nevertheless, we conclude that park commission employees are in "county employment" for the purposes of N.J.S.A. 40A:9-5. Despite their autonomous status, county park commissions must be viewed as county agencies. Parks v. Union Cty. Park Comm'n, 7 N.J. Super. 5, 7 (App.Div. 1950); see Glick v. Newark Free Public Library Trustees, 2 N.J. 579, 583-584 (1949). The commissioners are generally appointed by the county board of freeholders, N.J.S.A. 40:37-19; N.J.S.A. 40:37-95.2; N.J.S.A. 40:37-97; but see N.J.S.A. 40:37-21; and their funds are provided by that body. N.J.S.A. 40:37-20; N.J.S.A. 40:37-22; N.J.S.A. 40:37-95.9; N.J.S.A. 40:37-95.10; N.J.S.A. 40:37-101.1; N.J.S.A. 40:37-129 to 131.1. This court has previously held that the police chief of the Union County Park Police was "an employee" of the county within the meaning of N.J.S.A. 38:23-1, which provides certain benefits for public employees while engaged in field training with the military reserves. Parks v. Union Cty. Park Comm'n, supra, 7 N.J. Super. at 9. We note also that this court recently adopted the holding in Union Cty. Park Comm'n v. Union Cty., 154 N.J. Super. 213 (Law Div. 1976), aff'd 154 N.J. Super. 125 (App. Div. 1977), that the park commission was so much a part of *161 county government that it may be abolished and its functions absorbed by the board of freeholders in reorganizing county government under the Optional County Charter Law, N.J.S.A. 40:41A-1 et seq. Cf. American Fed'n of State, Cty. & Mun. Employees v. Hudson Cty. Welfare Bd., 141 N.J. Super. 25 (Ch. Div. 1976); State v. Hudson Cty., 161 N.J. Super. 29 (Ch.Div. 1978), aff'd (App.Div. 1979). Accordingly, we conclude that for the purposes of N.J.S.A. 40A:9-5 credit for service rendered by Miller and Wisniefski for a county park commission may be transferred to their employment by defendant on the same terms as applies to the other plaintiffs in this case. Also, for the reasons expressed in Widmer v. Mahwah Tp., supra, 151 N.J. Super. at 83, we hold that N.J.S.A. 40A:9-5 applies to transfers of employees from a county position to a municipality in the same or any other county of the first or second class, and, as Widmer held, that it applies to "transfers between municipal positions of different counties." Id.
The last issue concerns the claim for prior service credit for purposes of competing for promotion, an aspect of seniority. We are told that Parsippany-Troy Hills is governed by Civil Service. See N.J.S.A. 11:20-1 et seq. as to the adoption of Civil Service laws by a local government unit. Parelli v. Civil Service Dep't, 138 N.J. Super. 364 (App.Div. 1976), aff'd o.b. 72 N.J. 480 (1977), held that the provisions of the Civil Service Act governing seniority for promotion purposes, N.J.S.A. 11:21-9 ("the seniority rights of officers and employees shall be based upon the length of their respective prior and continuous services"), prevail to the extent that N.J.S.A. 40A:9-5 may create a conflict. See Smith v. Civil Service Comm'n, 21 N.J. Super. 243 (App.Div. 1952). Clearly, N.J.S.A. 40A:9-5 did not intend to count service in one job title with one municipality for promotional examination to an unrelated job title in another municipality. Thus, prior service credit accorded by N.J.S.A. 40A:9-5 which may be credited for purposes of fixing wages could not in all cases be transferred for promotional examination purposes, *162 apart from the provisions of the Civil Service Act. While this point has been raised in respondent's brief, it was not dealt with below nor briefed by appellants in view of the denial of all relief in the trial court. Lacking a complete development of this issue we must leave it open for resolution in the trial court on the remand.
Reversed and remanded to the trial court for such further proceedings as are necessary and consistent with this opinion. We do not retain jurisdiction.
NOTES
[*] The testimony of plaintiff Wisniefski reveals that his employer was the Passaic County Park Commission.
[1] N.J.S.A. 40A:9-5 provides as follows:

Whenever heretofore or hereafter a transfer has been or shall be effected by appointment, assignment or promotion of a municipal employee to any other department or position in municipal employment, or to a position or department of the county government; or of a county employee to any other position or department in county employment, or to a department or position of a municipal government, in counties of the first or second class, the period of such prior service in said county or municipal employment, for any purpose whatsoever, shall be computed as if the whole period of employment of such employee had been in the service of the department, or in the position, to which the said employee had been transferred.