178 N.J. Super. 221 (1981)
428 A.2d 918
MARJORIE A. LAVIN, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF THE BOROUGH OF HACKENSACK, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1980.
Decided March 9, 1981.
*223 Before Judges BISCHOFF, MILMED and FRANCIS.
Louis P. Bucceri argued the cause for appellant (Goldberg & Simon, attorneys; Louis P. Bucceri on the brief).
E. Gerard McGovern argued the cause for respondent.
John J. Degnan, Attorney General of New Jersey, filed a statement in lieu of brief on behalf of the State Board of Education (Jaynee LaVecchia, Deputy Attorney General, of counsel and on the statement).
The opinion of the court was delivered by FRANCIS, J.A.D.
The questions presented by this appeal are: (1) whether the statute of limitations applicable to contract claims, N.J.S.A. 2A:14-1, applies to teachers' claims for retroactive pay based upon the statutory military service credit, N.J.S.A. 18A:29-11; (2) whether the claim may be barred by the equitable doctrines of laches or estoppel, and (3) whether the State Board of Education's exclusion of any salary credit for military service time of less than a full year's duration was proper.
*224 The essential facts are undisputed. Petitioner (Lavin) was a member of the United States Army from January 2, 1943 through October 20, 1945, a period of 2 years, 9 months and 19 days. She was employed by the Board of Education of the Borough of Hackensack (local board) commencing on September 1, 1968 and thereafter to the present time. At no time was Lavin given salary credit for any time spent in the military service.
In or about May or June 1977 Lavin was informed by an acquaintance of a newspaper article regarding a decision of the Superior Court, Appellate Division, which she conceived as indicating some basis for a claim based on her military service. As a result of this information Lavin's husband contacted the New Jersey Education Association (N.J.E.A.) for information and was told that a claim might exist. By letter of October 14, 1977 Lavin applied for salary credit to the Borough of Hackensack Superintendent of Schools. She was told by the superintendent to contact the N.J.E.A. Lavin's N.J.E.A. representative negotiated with the local board in her behalf throughout the winter of 1978 in an attempt to resolve the matter without litigation. This proving fruitless, a petition was filed with the Commissioner of Education seeking compliance with the military service credit statute, N.J.S.A. 18A:29-11.
The Commissioner of Education held the statute of limitations inapplicable to such a claim. He reasoned that the military credit is the result of a legislative fiat, N.J.S.A. 18A:29-11, and not a contractual status. He further declined to apply laches or estoppel against petitioner, and in allowing her claim, equated her military service of 2 years, 9 months and 19 days as equivalent to three academic years in determining the allowable additional incremental military credits. He thus awarded petitioner the additional amount she would have received since 1968 had she been properly credited with her military service, after which she would be entitled to her regular salary as enhanced by the three yearly increments based on her military service. The State Board, however, rejected the Commissioner's decision and *225 held that the claim, insofar as it included the period prior to six years immediately preceding the filing of the claim, was barred by the statute of limitations N.J.S.A. 2A:14-1. The State Board also rejected petitioner's claim for back pay in its entirety for that period of time prior to September 1978 on the basis of laches and estoppel. The State Board did allow petitioner military service credit of two years to be applied subsequent to September 1978, i.e., the beginning of the 1978-79 academic year.
In rejecting the claim on the basis of the statute of limitations the State Board ruled in essence that notwithstanding the statutory source of the military service credit, the substance of the claim is still a suit by a public employee to recover compensation  a matter cognizable in a court of law and hence within the strictures of N.J.S.A. 2A:14-1. Since Lavin had not asserted her claim until October 1977, nine years after the first alleged underpayment in 1968 and nine years after the cause of action first accrued, the State Board held that at least a portion of the claim was filed beyond the six year period mandated by the statute. The applicable statute of limitations, N.J.S.A. 2A:14-1, reads in pertinent part as follows:
Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this Title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued. [Emphasis supplied]
The question is whether the State Board correctly viewed the unpaid credit as a contractual claim or whether it should be deemed a statutory benefit independent of contract and therefore not subject to traditional defenses such as the statute of limitations.
The military service credit is conferred by N.J.S.A. 18A:29-11:
Every member who, after July 1, 1940, has served or hereafter shall serve, in the active military or naval service of the United States or of this state, including active service in the women's army corps, the women's reserve of the *226 naval reserve, or any similar organization authorized by the United States to serve with the army or navy, in time of war or an emergency, or for or during any period of training, or pursuant to or in connection with the operation of any system of selective service, shall be entitled to receive equivalent years of employment credit for such service as if he had been employed for the same period of time in some publicly owned and operated college, school or institution of learning in this or any other state or territory of the United States, except that the period of such service shall not be credited toward more than four employment or adjustment increments.
Nothing contained in this section shall be construed to reduce the number of employment or adjustment increments to which any member may be entitled under the terms of any law, or regulation, or action of any employing board or officer, of this state, relating to leaves of absence. [Emphasis supplied]
It is undisputed that Lavin had the requisite military service.
The mechanics of the military service credit were surveyed in Wall Tp. Ed. Ass'n v. Wall Tp., Bd. of Ed., 149 N.J. Super. 126 (App.Div. 1977):
... [T]he credit for military service entitles a teacher to a status equal to that of a teacher who has had employment credit for the same period of time up to a maximum of four years. This credit is not limited to the benefits of his status on the salary guide but extends also to any other benefits granted to other teachers because of longevity experience in the teaching field. We find nothing in the statute suggesting a contrary construction. As a consequence, when a teacher with military service is advanced on the salary guide because of the statutory credit, he remains in that position for equal treatment with those on the same step because of teaching experience. The statute is clear and unambiguous in its intent. [at 130-131.]
In holding that petitioner's claim was no different from any cause of action grounded in contract, the State Board principally relied upon Miller v. Hudson County Freeholders Bd., 10 N.J. 398 (1952), a case which Lavin claims is distinguishable. In that case the widows of two former county prison guards filed suit for salary allegedly due their spouses under a statute fixing salary increments for county jail employees. The county asserted the defense, among others, of the statute of limitations, noting that the complaint was filed more than six years after the last date of employment of each employee. The Appellate Division disagreed, holding that "the plaintiffs' claims were based upon a statutory direction and therefore not barred by the asserted statute of limitation." 10 N.J. at 403. The statute as it then existed (R.S. 2:24-1) was phrased differently, reading in pertinent part as follows:

*227 All actions in the nature of ... debt, founded upon a lending or contract without a specialty ..., actions in the nature of actions upon the case ... shall be commenced within six years next after the cause of any such action has accrued.... [10 N.J. at 405; italics deleted]
The Supreme Court reversed, reasoning that an implied contractual relationship exists between a public employer and its employees, which contract must be deemed to incorporate any pertinent statutory terms. Id. at 408-409, 413. It summarized its holding as follows:
... Where the services have been performed, and the public servant is an employee, a civil action lies for recovery of the reasonable value of the services rendered, and the action is in the nature of an action upon the case at common law, namely assumpsit, principally indebitatus assumpsit, the action in form and substance resorted to for such relief in this State for more than a century. And where the circumstances permit, i.e., when debt as well as assumpsit would lie at common law, the action is in the nature of debt founded upon a contract without a specialty. (The significance of the term "without a specialty" as used in R.S. 2:24-1, supra, is that it imported absence of a writing obligatory in its technical sense, rather than in its loose sense as, for example, a duty imposed by statute. See discussion of R.S. 2:24-5, post). In actions such as these, the substantive right stems from the rendition of the services; the statutory rate of pay is the measure by which the true value of the service performed is proved, and this is the more apparent by virtue of the fact that these legislative enactments make no provision for their enforcement, a clear legislative recognition of the availability of ordinary legal remedies. The only conclusion to be reached, therefore, is that the six-year statute of limitation, R.S. 2:24-1, supra, clearly applies to such action and was a valid defense in this case. [at 409; citation omitted]
Thus, the law appears to be that a statutory source of a cause of action does not necessarily take the suit outside the statute of limitations. State v. Atlantic City Electric Co., 23 N.J. 259 (1957). If the statute merely dictates certain terms of an independent, existing contractual relationship, express or implied, the bar applies. If the statute, however, creates a liability where none existed, either at common law or by virtue of a contract between the parties, that liability may be enforced without regard to the statute of limitations.
Lavin seeks to avoid the conclusion suggested by Miller by reasoning that N.J.S.A. 18A:29-11 is a statutory directive enacted to achieve a special aim, viz., rewarding veterans and thus is immune from the limitations bar. She further argues *228 that the statute does not set one's basic salary nor does it provide compensation according to services rendered. We disagree. N.J.S.A. 8A:29-11 is a legislatively-decreed measure of compensation for qualifying veterans, which comes into operation only after an employment contract has been entered into. A teacher has no claim to the credit until she begins rendering services, and whether she receives the credit in any subsequent year depends upon whether she has continued to perform as an employee. As in Miller, supra, the substantive right stems from the rendition of service pursuant to a teaching contract, and in the absence thereof the benefits conferred by N.J.S.A. 18A:29-11 are meaningless, since the provisions have nothing to relate to. The statutory credit, is in effect, an implied term of the teaching contract, in that it determines one's step on the salary scale throughout one's career. Cf. Kloss v. Parsippany-Troy Hills Tp., 170 N.J. Super. 153, 159 (App.Div. 1979), holding that N.J.S.A. 40A:9-5, allowing public employees service credits for prior public employment, was an implied term of the negotiated employment contract. Hence the credit is directly related to compensation and thus, under Miller, enforcement of it is a contractual claim subject to N.J.S.A. 2A:14-1.
Lavin seeks to avoid Miller by noting the difference between the statutory language of R.S. 2:24-1, "actions in the nature of ... debt, founded upon a lending or contract without a specialty," and as it is now under N.J.S.A. 2A:14-1, "actions at law ... for recovery upon a contractual claim or liability, express or implied, not under seal...." The legislative revision was largely an attempt to modernize the language of the former statute, and within the context of this appeal, we hold that both versions relate to the type of contractual claim under appeal.
Enforcement of the statute of limitations in the instant case is consistent with the legislative goal behind such statutes: "to stimulate litigants to pursue their causes of actions diligently and to spare courts from the litigation of stale claims." Danilla v. Leatherby Ins. Co., 168 N.J. Super. 515, 518 (App.Div. 1979). Except in cases of severe hardship, such statutes should be *229 strictly interpreted in order to foster a more stable society. Ibid. In the instant case in particular the allowance of petitioner's claim would subvert the desired societal order: "municipal governments must operate on a current `cash basis'", and thus "it is important to encourage the prompt assertion and resolution of a claim for transferred service credits, preferably before employment begins." Kloss, supra, 170 N.J. Super. at 160; accord, Giorno v. South Brunswick Tp., 170 N.J. Super. 162, 166-167 (App.Div. 1979).
The State Board, relying on Kloss and Giorno, invoked the equitable doctrines of laches and estoppel in denying any retroactive adjustment based on the military credit. We are of the view that Lavin is not barred by estoppel. We distinguish Kloss and Giorno by reference to the difference in the statute that provided the basis therein, N.J.S.A. 40A:9-5, and the statute that provided the basis in the present case, N.J.S.A. 18A:29-11. In those cases the transfer rights accorded by N.J.S.A. 40A:9-5 were in effect made negotiable under another provision, N.J.S.A. 40A:9-10.1. Thus, even though the parties as in Kloss, were not aware of those statutes, the court held, in part, that "the likelihood that defendant [township] relied to some extent on the seeming finality of the negotiated agreements" permitted the application of equitable estoppel. 170 N.J. Super. at 159. Here the statute is mandatory and its provisions must be superimposed where it applies in a particular case, any teaching contract to the contrary notwithstanding. For this reason we cannot say that Lavin is attempting to repudiate a prior agreement.
Lavin, however, is barred by the doctrine of laches as to that portion of the military credit adjustment applicable to the period prior to September 1978. The long period between petitioner's employment and the commencement of this action before the Commissioner satisfies us that retroactive relief should be barred on the ground of laches.
Where the facts were known to Lavin, ignorance of the statute applicable thereto and consequent ignorance of her *230 rights under the statute will not excuse her delay in petitioning for the military credit increment. See Kohler v. Barnes, 123 N.J. Super. 69 (Law Div. 1973). The delay under the circumstances is unreasonable and unexcused, and to the detriment of the local board. As stated in Giorno, supra, "[m]unicipal governments must provide for operating expenses on a current annual `cash basis', N.J.S.A. 40A:4-3, except for unforseen, pressing needs, N.J.S.A. 40A:4-46; or as otherwise permitted by law. See also N.J.S.A. 40A:4-57, Essex Cty. Bd. of Taxation v. Newark, 139 N.J. Super. 264, 273-274 (App.Div. 1976), mod. 73 N.J. 69 (1977)." 170 N.J. Super. at 166-167.
On the facts in this case it is appropriate to allow prospective application of the military credit as of September 1978, a point in time coinciding with the school year.
Petitioner Lavin contends finally that the State Board's ruling, that credit can be given only for full years of military service, deprives her of any credit at all for the 9 months, 19 days served during her third year in the military. She urges adoption of the Commissioner's view that service should be rounded off to the nearest year, such that any period of a half year or more is counted as a full year. The pertinent portion of the military service credit statute, N.J.S.A. 18A:29-11, is as follows:
Every member who, after July 1, 1940, has served or hereafter shall serve, in the active military or naval service of the United States or of this state, including active service in the women's army corps, the women's reserve of the naval reserve, or any similar organization authorized by the United States to serve with the army or navy, in time of war or an emergency, or for or during any period of training, or pursuant to or in connection with the operation of any system of selective service, shall be entitled to receive equivalent years of employment credit for such service as if he had been employed for the same period of time in some publicly owned and operated college, school or institution of learning in this or any other state or territory of the United States, except that the period of such service shall not be credited toward more than four employment or adjustment increments.
Nothing contained in this section shall be construed to reduce the number of employment or adjustment increments to which any member may be entitled under the terms of any law, or regulation, or action of any employing board or officer, of this state, relating to leaves of absence. [Emphasis supplied]
*231 In the absence of any clear guidance in the statute for dealing with fractions of years, the Commissioner attempted an equitable solution based upon public policy favoring veterans, conceiving that to adopt a stricter view would be to penalize a teacher because her military service fell even a day short of a year. The State Board, however, took a more rigid view:
... The statute makes no provision for credit for part of a year; it speaks only of "years" of employment credit, not of days, weeks or months. The Commissioner cited no precedent or other authority for his view that military service of six months or more should be construed as one year of salary credit, while less than six months should not be recognized. If the rule giving credit for "years" of military service is to be modified, the Legislature should amend the law.
Petitioner argues, very persuasively, that when read in light of (1) the legislative intent of N.J.S.A. 18A:29-11, (2) the subtitle of which it is a part, and (3) established educational practice, the statute must be read to permit a full year's credit whenever the period of military service was long enough to warrant an annual salary increment had the person been teaching instead.
Looking to the key statutory language, it mandates that a teacher "receive equivalent years of employment credit for" her military service "as if" she had been employed in teaching during the same period (emphasis ours). The apparent intention to equalize the status of a teacher and a military person was confirmed in Wall Tp. Ed. Ass'n v. Wall Tp. Bd. of Ed., supra, the only reported case construing N.J.S.A. 18A:29-11. There the issue was whether N.J.S.A. 18A:29-11 applied to "longevity increments contained in the collective negotiating agreement." 149 N.J. Super. at 129. This court discussed the mechanics of the military service credit:
... [T]he credit for military service entitles a teacher to a status equal to that of a teacher who has had employment credit for the same period of time up to a maximum of four years. This credit is not limited to the benefits of his status on the salary guide but extends also to any other benefits granted to other teachers because of longevity experience in the teaching field. We find nothing in the statute suggesting a contrary construction. As a consequence, when a teacher with military service is advanced on the salary guide because of the statutory credit, he remains in that position for equal treatment with those on the same step because of teaching experience. The statute is clear and unambiguous in its intent.

*232 ... A veteran, therefore, is entitled to the same increments if his total service as a fully certified teacher plus his military service credit equals the number of years required for eligibility. Since the statute mandates equivalency, the local board cannot apply the agreement in a manner which is violative of the statutory requirement. [at 130-131; emphasis supplied.]
The import of the statute, therefore, is to treat military service as if it were teaching experience. As noted by petitioner, the only way teaching experience can be rewarded is via placement on the salary schedule, which, under the statutory scheme, is based upon units of whole years. N.J.S.A. 18A:29-7. No provision exists for partial years of experience or fractional employment increments. Thus, military service can be credited for a whole year or for none at all.
The State Board incorrectly read the statute as giving credit "for `years' of military service." If that were true its position would be stronger, the implication being that only whole years of military service could be credited. But the statute places no time adjective in front of military service; rather, it refers to "years of employment credit" (emphasis ours) to be computed from the military service, however long it might be, implying that the military service must be molded into or made the equivalent of whole years of employment credit.
In arguing that "years of employment credit" under N.J.S.A. 18A:29-11 refers to academic years, petitioner notes that N.J.S.A. 18A:29-6, the pertinent definitional section, defines "year of employment" as "employment by a [full-time teaching staff] member for one academic year in any publicly owned and operated college, school or other institution of learning for one academic year in this or any other state or territory of the United States" [emphasis ours]. In turn, "academic year" is defined as "the period between the opening day of school in the district after the general summer vacation, or 10 days thereafter, and the next succeeding summer vacation."
Given the intent of N.J.S.A. 18A:29-11 to equalize employment credit and military service, the task becomes one of deciding how much military service is the equivalent of an *233 academic year. Petitioner urges, and we agree, that the only way to achieve equivalence is to determine whether the military service was long enough to be a certain number of academic years if spent teaching rather than serving in the military.
Many computational alternatives are suggested by petitioner as more appropriate than the rigid standard suggested by the board. In declining to adopt the unrealistic standard set by the board, we find it unnecessary to explore all of these alternatives for the purposes of this case. On the facts in this case it is appropriate to allow the claim for the military service credit to commence as of September 1978, i.e., in a time coinciding with the school year.
We therefore hold that petitioner is barred by laches and the statute of limitations for any retroactive salary adjustments prior to the academic year commencing September 1978, and that petitioner is entitled to the prospective application of three years of military service credit as of the aforementioned date.
We affirm the decision of the State Board, except as modified, so as to award petitioner three years of military service credit instead of two. We remand the matter to the Commissioner of Education for disposition in conformity with this opinion.