CAMDEN COUNTY VOCATIONAL TECHNICAL ASSOCIATION, ET AL, PETITIONERS-RESPONDENTS, v. BOARD OF EDUCATION OF THE CAMDEN COUNTY VOCATIONAL TECHNICAL SCHOOLS, CAMDEN COUNTY, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 17, 1985—Decided January 23, 1986.

Before Judges BRODY, GAYNOR and BAIME.

*Robert F. Blomquist* argued the cause for appellant (*Davis, Reberkenny & Abramowitz,* attorneys).

*Barbara E. Riefberg* argued the cause for respondents (*Selikoff & Cohen,* P.A., attorneys; *Steven R. Cohen,* of counsel and on the brief; *Barbara E. Riefberg* also on the brief).

*Alfred E. Ramey,* Jr., Deputy Attorney General, argued the cause for State Board of Education (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Deborah T. Poritz,* Deputy Attorney General, of counsel and on the brief; *Regina A. Murray,* Deputy Attorney General, also on the brief).

The opinion of the court was delivered by

GAYNOR, J.A.D.

On this appeal the Board of Education of the Camden County Vocational Technical Schools (local board) challenges the final decision of the State Board of Education providing that teachers who held only emergency teaching certificates when hired could thereafter become eligible for military service credits upon obtaining standard teaching certificates. The State Board also determined that a five-month fractional year of military service would be the equivalent of a year for the purpose of the military service credit. It is contended by the local board that these determinations were erroneous as a matter of law and produced an absurd and unfair result in permitting a year's credit for a fractional year of military service. The local board further claims the State Board ignored its request for relief from the decision or for supplementation of the record. We disagree and affirm.

In June 1980, the Camden County Vocational Technical Education Association, on behalf of certain of its members, peti-

tioned the commissioner of education to hear a controversy that had arisen between it and the local board concerning the members' entitlement to employment credit, and the consequent advancement on the salary guide, for their time in military service. They sought an order directing higher placement on the salary guide for current employees and awarding back pay for those who had been denied military service credit. A hearing before an administrative law judge resulted in a determination that, if otherwise eligible, teachers holding emergency certificates at the time of their employment were entitled to military service credit after acquiring the standard certificate, but that such credit could only be applied prospectively. The judge further concluded that a fractional year of military service meeting or exceeding 95 teaching days should be considered as a year of military service thereby entitling an eligible teacher to one year of service credit. This latter provision of the administrative law judge's initial decision was modified by the commissioner of education to provide that one year's military service credit would be earned by a five-month fractional year of military service, thereby equating the credit with that received by a teacher performing teaching duties for a fractional one-half of a ten-month academic year. The findings and conclusions of the administrative law judge were otherwise affirmed and the commissioner's decision was upheld by the State Board.

We are satisfied that the final determination of the State Board represents a proper and appropriate application of *N.J. S.A.* 18A:29–11 and we affirm its conclusion as to eligibility for military service credit substantially for the reasons expressed by Administrative Law Judge Thomas in his initial decision dated July 28, 1983, as affirmed by the commissioner of education and the State Board of Education. We are also in accord with the conclusion of the State Board that a five-month fractional year of military service would entitle the teacher-veteran to credit for one academic year.

■ The interpretation of *N.J.S.A.* 18A:29–11 as urged by the local board on this appeal is not only contrary to the express terms of the statute but also subversive of the purpose of the legislation. The statute in pertinent part provides:

Every member who, after July 1, 1940, has served or hereafter shall serve, in the active military or naval service of the United States or of this state, including active service in the women's army corps, the women's reserve of the naval reserve, or any similar organization authorized by the United States to serve with the army or navy, in time of war or an emergency, or for or during any period of training, or pursuant to or in connection with the operation of any system of selective service, shall be entitled to receive equivalent years of employment credit for such service as if he had been employed for the same period of time in some publicly owned and operated college, school or institution of learning in this or any other state or territory of the United States, except that the period of such service shall not be credited toward more than four employment or adjustment increments.

Under the statute, every teacher holding a standard certificate is entitled to the military service credit. No distinction is made between teachers having such certificates at the time of their initial employment and those obtaining them after having been hired as an emergency certificate holder. There is no logical basis for construing the statute to forever preclude a teaching staff member who held an emergency certificate when hired from obtaining eligibility for military service credit even though a standard certificate was subsequently obtained. As noted by Administrative Law Judge Thomas, such a construction would lead to the absurd result that otherwise eligible teachers would be forever denied the benefit of the statute merely because they held an emergency certificate at the time of their initial employment. Although *N.J.S.A.* 18A:29–6 defines "member" as a "full-time teaching staff member ... except one who is the holder of an emergency certificate," it does not preclude a teacher holding an emergency certificate from qualifying as a member by subsequently obtaining a standard certificate.

Moreover, the position advanced by the local board would contravene the statutory objective of rewarding teachers for the performance of military service. As observed in *Lavin v. Hackensack Bd. of Ed.,* 90 *N.J.* 145, 151 (1978) "[t]he legislative

purpose of *N.J.S.A.* 18A:29–11 is to reward veterans for service to their country in time of war" and "... was established by the Legislature as a reward or bonus for service in the military ...." The statutory objective would not be fulfilled if teacher-veterans were denied this reward merely because they did not hold a standard certificate when hired.

The local board's reliance upon the commissioner's contrary decision in *Joseph Pinnelli v. Bd. of Ed. of the City of Garfield, Bergen Cty.*, 1980 *S.L.D.* 801, is misplaced as that decision carries no binding effect on a matter of statutory interpretation. Furthermore, it is clear that the decision in *Pinnelli* has no present authoritative value in light of subsequent rulings of the commissioner and the recognition by the Supreme Court in *Lavin* that the failure to claim a military service credit at the time of the initial employment does not preclude later adjustment of a salary level based upon such credit.

We also are fully in accord with the State Board's affirmance of the commissioner's decision fixing the five-month threshold for awarding credit for fractional years of military service. While there is no statutory basis for such a threshold, we have previously recognized that periods of "military service must be molded into or made the equivalent of whole years of employment credit." *Lavin v. Hackensack Bd. of Ed.*, 178 *N.J.Super.* 221, 232 (App.Div.1981) aff'd 90 *N.J.* 145 (1982). In this regard, we stated in *Lavin:*

> Looking to the key statutory language, it mandates that a teacher "receive *equivalent* years of employment credit for" her military service "as if" she had been employed in teaching during the same period (emphasis ours). The apparent intention to equalize the status of a teacher and a military person was confirmed in *Wall Tp. Ed. Assn. v. Wall Tp. Bd. of Ed., supra,* ....
>
> \*      \*      \*      \*      \*      \*      \*      \*
>
> Given the intent of *N.J.S.A.* 18A:29–11 to equalize employment credit and military service, the task becomes one of deciding how much military service is the equivalent of an academic year. Petitioner urges, and we agree, that the only way to achieve equivalence is to determine whether the military service

was long enough to be a certain number of academic years if spent teaching rather than serving in the military. 178 *N.J.Super.* at 231, 232–233.

In determining how much military service is the equivalent of an academic year, recourse may be had to the general administrative practice which we understand entitles a teacher who is paid for ten months, even though the actual teaching time is somewhat less, to receive a one-year longevity adjustment on the salary schedule where the teacher has taught for at least one-half of the academic school year. *See Blue v. Bd. of Ed. of City of Linden,* 1981 *S.L.D.* ——. As military credit is to be treated as though it were teaching experience, it is entirely reasonable, as the State Board concluded, to consider a fractional year of military service time of at least five months as being the equivalent of one-half of an academic year, thus entitling the teacher veteran to a full year of employment credit. This conclusion comports with the statutory mandate of equivalency between veteran and nonveteran teachers. *See Wall Tp. Ed. Assn. v. Bd. of Ed. of Tp. of Wall,* 149 *N.J.Super.* 126, 131 (App.Div.1977).

The further contention that the decision of the State Board flies in the face of the concern for unexpected local government fiscal ramifications as expressed by the Supreme Court in *Lavin* mistakenly equates the court's concern for the effect of a retroactive recovery of additional salary based upon adjustments for military service with the prospective relief accorded petitioners. We presume that the local board has followed appropriate fiscal measures in making provision for salary adjustments in the event of a final decision favoring the petitioners.

Finally, we find no arbitrary or capricious action by the State Board in responding to the local board's application for relief from the determination or supplementation of the record. As the local board was advised, its motion was considered and the ruling of the State Board encompassed denial of the motion.

The decision of the State Board of Education entered November 7, 1984 is affirmed.