689 A.2d 191

KATHERINE DUNN AND EDWARD DUNN, HER SPOUSE, PLAINTIFFS-APPELLANTS, v. COUNTY OF MORRIS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 15, 1997—Decided February 28, 1997.

---

[10] Defendant does not contest the length of either the consecutive or concurrent terms imposed.

Before Judges KING, KEEFE and LOFTUS.

*Anthony Philip Caivano* argued the cause for appellant (*Nusbaum, Stein, Goldstein & Bronstein,* attorneys; *Mr. Caivano,* on the brief).

*Donald L. Berlin* argued the cause for respondent (*Berlin, Kaplan, Dembling & Burke,* attorneys; *Mr. Berlin,* of counsel and on the brief).

The opinion of the court was delivered by

LOFTUS, J.A.D.

Katherine Dunn (Dunn) and her spouse Edward Dunn, plaintiffs, appeal from an order of a Law Division judge granting summary judgment in favor of the County of Morris (Morris County), defendant, and dismissing their negligence complaint.

Dunn was employed as a park police officer by the Morris County Park Commission (Park Commission). While on duty she fell down stairs located at the Park Commission headquarters in Morris Township. She contends that she suffered injuries as a result of the fall.

Dunn filed a workers' compensation claim against Morris County which she later amended to designate the Park Commission as respondent. Thereafter, Dunn filed a negligence complaint against Morris County based upon the same incident. Morris County moved for summary judgment dismissing the complaint. The motion judge concluded that the Park Commission was an agency of Morris County, that this suit was barred by *N.J.S.A.* 34:15–8, and granted the motion.

On appeal, Dunn contends:

I. SINCE THE STATUTORY SCHEME WHICH EMPOWERS THE COUNTY OF MORRIS AND THE MORRIS COUNTY PARK COMMISSION INDICATES THAT THEY ARE SEPARATE ENTITIES, THE TRIAL COURT ERRED IN CONCLUDING THEY ARE A SOLE EMPLOYER.

II. HAVING ESTABLISHED THAT THE COUNTY OF MORRIS AND THE MORRIS COUNTY PARK COMMISSION ARE SEPARATE CORPORATE ENTITIES, THE LAW IS CLEAR THAT THE WORKERS' COMPENSATION LAWSUIT BAR DOES NOT EXTEND TO THE COUNTY OF MORRIS.

III. THE CONCEPT THAT RELATED CORPORATE BUSINESS ENTITIES CANNOT SHARE WORKERS' COMPENSATION LAWSUIT BAR SHOULD BE EXTENDED TO THE CORPORATE PUBLIC ENTITY CONTEXT, FOLLOWING THE SUPREME COURT'S DECISION IN *LYON V. BARRETT.*

We conclude that these contentions are non-meritorious. We affirm.

 The Workers' Compensation Law, *N.J.S.A.* 34:15-1 to – 128, was enacted to provide an expeditious and relatively certain method of recovery for employees injured on the job regardless of an employee's contributory negligence or the absence of an employer's negligence. *Stepnowski v. Specific Pharmaceuticals,* 18 *N.J.Super.* 495, 500-01, 87 *A.*2d 546 (App.Div.1952). It was intended to substitute for personal injury tort cases at common law a method of compensation for injuries to employees, irrespective of the fault of the employer. *Seltzer v. Isaacson,* 147 *N.J.Super.* 308, 313, 371 *A.*2d 304 (App.Div.1977), *overruled on other grounds by Lyon v. Barrett,* 89 *N.J.* 294, 304, 445 *A.*2d 1153 (1982). Under the Act, "The employer gives up common law defenses to negligence suits and assumes an absolute liability to provide compensation; in return, [the employer] is granted immunity from common law negligence suits by ... employees." *Ibid.* *N.J.S.A.* 34:15-8 specifically provides that an employee whose injury is covered by workers' compensation cannot sue his or her employer in negligence based upon the same injury.

 Morris County claims that *N.J.S.A.* 34:15-8 bars this negligence suit by Dunn because it is based upon the same injury for which she filed the workers' compensation claim, and because the Park Commission is an agency of the County.

Pursuant to *N.J.S.A.* 40:37-95.1 to -95.49, county residents may choose to create a county park commission for the purpose of developing and maintaining parks for their own benefit. The county board of freeholders is given the power to create a park commission and appoint its commissioners. *N.J.S.A.* 40:37-95.2. The park commission is given the power to sue and be sued. *N.J.S.A.* 40:37-95.5. All employees hired by the park commission

are subject to prior approval by the county freeholders. *N.J.S.A.* 40:37–95.7. Upon establishment of the park commission, the county freeholders must provide office space and may make funds available for expenditure by the commission. *N.J.S.A.* 40:37–95.9. The freeholders have the power to appropriate for the use of the commission such money as may be collected by revenue-producing facilities which are operated by the commission. *Ibid.* The park commission is given the power to select and deposit public money in a bank or trust company. *N.J.S.A.* 40:37–95.11. Additionally, subject to the approval of the county freeholders, the park commission possesses the power to acquire property, locate parks, appoint park police officers, and enter into construction, maintenance and concession contracts. *N.J.S.A.* 40:37–95.13. All property acquired by the park commission, however, must be in the name of the county. *N.J.S.A.* 40:37–95.14.

In the case of *Parks v. Union County Park Comm'n,* 7 *N.J.Super.* 5, 7–8, 71 *A.*2d 651 (App.Div.1950), this court held:

> A careful scrutiny of the statutory provisions convinces us that the *Union County Park Commission is an agency of the county.* Its creation, structure, purpose and operation manifestly support our conclusion. The first step in the creation of a park commission is initiated by the County Board of Freeholders, as a result of which the question of its establishment is subject to a referendum of the voters; if created, the cost of its operation is borne by local taxation; the money essential for its operation is requested in writing by the Park Commission to the Board of Freeholders. . . .
>
> [ (emphasis added).]

After evaluating the park commission's statutory basis, this court concluded:

> It is readily discernible from the foregoing statutory powers vested in the County Park Commission that it is an instrumentality which is undeniably an adjunct of the county government; that it is established for the beautification and resulting attractiveness of the county. . . . As stated in *Glick v. Trustees of Free Public Library:*
>
>> It is an agency of the municipality notwithstanding its incorporation as a body politic. That in itself does not give rise to a relationship radically different in character from that which would otherwise exist. It is the substance and not the form of the creation that is the key to the legislative design.
>
> [*Parks, supra,* at 8–9, 71 *A.*2d 651 (citations omitted).]

This court again addressed this issue in *Kloss v. Township of Parsippany–Troy Hills*, 170 *N.J.Super.* 153, 406 *A.2d* 170 (App. Div.1979), where the issue was whether a county park commission police officer's prior service qualified as county employment service. After extensively citing *Park, supra*, and reviewing *N.J.S.A.* 40:37, the *Kloss* court concluded:

> We recognize that county park commissions established under *N.J.S.A.* 40:37-96 *et seq.* are autonomous agencies for some purposes. Nevertheless, we conclude that park commission employees are in "county employment" for purposes of [the prior service credits statute]. *Despite their autonomous status, county park commissions must be viewed as county agencies.* The commissioners are generally appointed by the county board of freeholders, and their funds are provided by that body. *This court has previously held that the police chief of the Union County Park Police was "an employee" of the county within the meaning of N.J.S.A. 38:23-1....* We note also that this court recently adopted the holding in *Union County Park Comm'n v. Union Cty.*, 154 *N.J.Super.* 213, 381 *A.2d* 77 (Law Div.1976), *aff'd*, 154 *N.J.Super.* 125, 381 *A.2d* 33 (App.Div.1977), that the park commission was so much a part of county government that it may be abolished and its functions absorbed by the board of freeholders in reorganizing county government....
>
> [*Id.* at 160–61, 406 *A.2d* 170 (citations omitted) (emphasis added).]

In the case before us, the motion judge concluded as a matter of law:

> [T]he Park Commission is nothing more than an extension of the County and therefore, the true party in interest here is Morris County. The Park Commission isn't going to pay the workers' comp. award, the county is going to pay it ... to whatever extent [Dunn's] entitled to it in workers' comp.

The judge continued:

> But nevertheless, the statutes clearly indicate ... there's some functioning that the Park Commission has that establishes it as something different than some of the other agencies of the County, but it doesn't make it truly a separate entity. But the real answer is that it's Morris County that is the physical or financial responsible party whether it be workers' comp or liability....

This conclusion is correct. *Brill v. Guardian Life Ins. Co.*, 142 *N.J.* 520, 666 *A.2d* 146 (1995); *Kloss v. Township of Parsippany–Troy Hills*, 170 *N.J.Super.* 153, 160, 406 *A.2d* 170 (App.Div.1979); *Parks v. Union County Park Comm'n.*, 7 *N.J.Super.* 5, 7, 71 *A.2d* 651 (App.Div.1950); *see also Wall v. Hudson County Park Comm'n*, 80 *N.J.Super.* 372, 193 *A.2d* 857 (App.Div.), *certif. denied*, 41 *N.J.* 198, 195 *A.2d* 467 (1963). In *Lyon v. Barrett*, 89 *N.J.* 294, 445 *A.2d* 1153 (1982), the plaintiff recovered damages

218

against a private landowner after recovering workers' compensation benefits against a corporate employer. Here, we do not find that Morris County and the Park Commission are distinct entities for purposes of recovery of public sector compensation benefits. *Barrett* is not controlling or even analogous.

We affirm substantially for the reasons set forth by Judge D'Ambrosio in his oral decision of March 29, 1996.